## ELLEN v. ELLEN.

1. Whether admissions of the plaintiff's grantor, while in possession of the disputed land, were sufficient evidence of the due execution and contents of an alleged lost deed, under which the defendant claimed, was a question of fact, and, therefore, properly left to the jury to be determined.
2. Recitals in a deed made by M. of a former conveyance by him to defendant's grantor (which conveyance is proved to have been lost), are evidence against plaintiff, who claims title under E., if E. matured title by twenty years' presumption of a grant from M., but not if plaintiff derived title through an adverse possession of E.
3. And declarations by M. of a gift to defendant's grantor are admissible against plaintiff, if they were made before E. took possession, claiming under a presumed deed from M., but such declarations can have no application to plaintiff's claim under an adverse possession by E.
4. After declarations by plaintiff's deceased grantor in disparagement of a claim of adverse possession have been introduced by defendant, other declarations by the same person in support of such a claim may be introduced by plaintiff in reply, only where they were parts of the same conversation already testified to, or accompanied and were explanatory of some special act of ownership.

---

Before WITHERSPOON, J., Marion, April, 1882.

This is a second appeal in this case, the first being reported in 16 *S. C.* 132, where the facts will be found more fully stated. For the purpose of understanding this appeal, the opinion here sufficiently states the case.

*Messrs. W. W. Harllee, Johnson & Johnson,* for appellant.

*Messrs. Townsend & McKerall, W. W. Sellers,* contra.

February 15th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is a contest over a tract of land containing one hundred acres lying in Marion county. The plaintiff is a son of David Ellen by his second wife, the defendant being a son by the first wife. The defendant is in possession of the land, and this action has been brought for its recovery.

The plaintiff introduced a grant from the State to one Isaac Hyatt, A. D. 1792, covering the land; then a deed from Hyatt to one Robert McKenzie, Sr., dated May 19th, 1804; then evidence of a long and continued possession (some forty years) by his father, David Ellen, which he claimed was adverse; and finally a deed to himself of the said land from David Ellen, dated August 18th, 1871, and rested, claiming that the possession of David Ellen was adverse, and thereby David Ellen had acquired good title before the execution of his deed to the plaintiff, both under the operation of the statute of limitations, and also by the legal presumption of a deed from Robert McKenzie, Jr., and also from the said William B. Ellen, arising from over twenty years of possession.

The defendant claimed title from Robert McKenzie, Sr., first, by a deed executed from Robert McKenzie, Sr., to Zimri M. Ellen, a grandson, and the brother of defendant, William B., dated in 1833 or 1834; and, second, by deed from Zimri to defendant, executed and duly recorded March 12th, 1861; and he denied that the possession of David Ellen, his father, had at any time been adverse either to the title of Robert McKenzie, Sr., Zimri M. Ellen or of the defendant, but that he had always held with full knowledge of and subordinate to these titles. The defendant was unable to produce the deed from Robert McKenzie, Sr., to Zimri M. Ellen. This was alleged to have been lost when Sherman's army passed through that portion of the State, and other and secondary evidence was introduced as to its execution, among which was an admission of David Ellen, through whom plaintiff claimed. Upon this admission the defendant requested the judge to charge that this was " sufficient evidence

of the due execution as well as the contents of such deed, and that no further proof thereof was necessary."

The defendant offered to introduce a deed from Robert McKenzie, Sr., to Robert McKenzie, Jr., containing recitals as to the boundaries, to wit, that Robert McKenzie, Sr., had given the land in dispute to Zimri M. Ellen, which was ruled incompetent as irrelevant. After the defendant had introduced declarations of David Ellen, while he was in possession in disparagement of his title as an adverse claimant, the plaintiff was allowed to introduce David Ellen's declarations also in rebuttal of this testimony. The verdict was for the plaintiff, for the land in dispute and $300 damages.

The defendant has appealed, his appeal raising the following legal questions: First. Did his Honor err in refusing to charge as requested, " that the admission of David Ellen while in possession as to the execution of the deed from Robert McKenzie, Sr., to Zimri M. Ellen, was sufficient evidence of the due execution as well as the contents of such deed, and that no further proof was necessary?" Second. Did he err in excluding the deed of Robert McKenzie, Sr., to Robert McKenzie, Jr., with its recitals? Third. Did he err in admitting declarations of David Ellen in reply, rebutting the testimony of defendant as to declarations of said David Ellen in disparagement of his title by adverse possession? and, fourth, Did his Honor err in ruling out the declarations of Robert McKenzie, Sr., that he had given the land in dispute to his grandson, Zimri M. Ellen, and also ruling out proof that Robert McKenzie, Sr., had gone round the lines of the tract of land in dispute and shown them to his grandson, Zimri Ellen, as his own? There were other exceptions, but as they involve questions of fact they are beyond our jurisdiction and cannot be considered.

This case is now before us upon a second appeal, a new trial having been ordered in the former appeal. In that appeal the defendant excepted on the ground that the presiding judge did not instruct the jury, " that as to the deed of Robert McKenzie, Sr., to Zimri M. Ellen, the admissions of David Ellen, under whom respondent claimed, were conclusive against him not only as to its existence but as to its contents." This exception was

overruled by the court on two grounds : First, it appeared from a statement made by the presiding judge in refusing a motion for a new trial made on that exception, that it rested on a mistake of counsel as to the precise charge of the judge ; and, second, that no request to charge had been made, and consequently no error as to this matter could be assigned upon appeal. *Ellen* v. *Ellen*, 16 *S. C.* 132, citing *Madsden* v. *Phœnix Ins. Co.*, 1 *S. C.* 24 ; *Abrahams* v. *Kelly and Barrett*, 2 *Id.* 238. On this trial the request was made. The judge declined to charge it, but stated that he " would submit all of the testimony, including the declarations of David Ellen as to the alleged lost deed, to the jury, leaving the jury to decide as to the effect of such declarations according to the weight or preponderance of the evidence."

We find nothing in the points and authorities of appellant's counsel upon this exception, nor have we been able to find any authority ourselves to sustain it. The presiding judge pursued the proper course ; he admitted the testimony, that, and all other offered, bearing upon the question immediately at issue, leaving its force and effect to the jury. It was beyond his province to discuss the sufficiency of this testimony. This, under the constitution, belonged to the jury, and the judge would have been invading their powers had he charged that any special fact had been proved, and that no further evidence was required. The question at issue was whether a deed from Robert McKenzie, Sr., to Zimri M. Ellen, had ever been executed. This was a question of fact. The admissions of David Ellen were introduced to prove this fact ; whether this evidence was competent was a question of law for the court, but its effect and force was for the jury.

Second. Was it error in excluding the deed of Robert McKenzie, Sr., to Robert McKenzie, Jr., containing a recital which called for lands which the grantor had given to his grandson, Zimri M. Ellen, dated in June, 1833 ? " The recital of a deed in another deed is evidence of the recited deed if the original is lost, against the party who executed the reciting deed, or against any person claiming under him." 2 *Phil. Ev., C., H. & E. Notes* 574. This seems to be the English doctrine, the

evidence being received as secondary evidence, the recited deed having been lost.

In the United States, however, this evidence has been received as primary evidence, as evidence not only against the parties, but against privies in blood, in estate, and in law. · See numerous authorities in *Note* 476, 2 *Phil. Ev.* 574, *supra.* " In regard to recitals, the general rule is that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest, if it be a deed of conveyance, and binding both parties and privies—privies in blood, privies in estate, and privies in law. Between such parties and privies, the deed or other matter recited needs not at any time to be otherwise proved, the recital of it in the subsequent deed being conclusive. It is not offered as secondary, but as primary evidence which cannot be averred against, and which forms a muniment of title." 1 *Greenl. Evid.* 30, § 23. " But such recital does not bind strangers or those claiming by title paramount to the deed. It does not bind persons who claim by an adverse title, or persons claiming from the parties anterior to the date of the reciting deed." *Ibid., Note; Carver* v. *Jackson,* 4 *Peters* 1, 83.

Now, in the case before the court, the plaintiff rested his claim in part upon a deed from Robert McKenzie, Sr., to David Ellen, presumed to have been executed· from twenty years' possession by David Ellen. It is true he also relied upon the adverse possession of David Ellen. But in so far as he claimed through this presumed deed arising from David Ellen's twenty years or more possession, he was to that extent a privy to Robert McKenzie, Sr., and under the authorities above cited would be subject to recitals in the deed of Robert McKenzie, Sr., to Robert McKenzie, Jr., that deed having been executed, as alleged, anterior to the presumed deed. And in this case, this would be so whether the limited doctrine of the English authorities as to secondary evidence, or the wider doctrine of the American as to primary is the better law, the fact being that the recited deed to Zimri M. Ellen was lost, and, therefore, secondary evidence in reference thereto was admissible.

We think it was error in the presiding judge to exclude this deed if otherwise proved. The deed should have been admitted

as applicable to so much of plaintiff's claim as rested upon the presumed conveyance from Robert McKenzie, Sr., to David Ellen, arising from David Ellen's twenty years' possession or more. But it would have no application to plaintiff's title derived through the adverse possession of David Ellen. *Note to* 1 *Greenl. Evid.,* § 23, *supra.*

Third. "As to the admission of the declarations of David Ellen in reply, rebutting testimony of defendant as to David Ellen's declarations in disparagement of title by adverse possession." This court held in the former appeal in accordance with the doctrine laid down in 1 *Greenl. Evid.,* § 109, and in our own cases of *Turpin* v. *Brannon,* 3 *McC.* 266, and *Martin* v. *Simpson,* 4 *McC.* 263, that such declarations were admissible when they accompanied an act and were explanatory thereof. It further held that Judge Hudson did not violate this principle in his ruling, as explained by him in dismissing a motion for a new trial, where he stated "that the plaintiff was confined to proof of acts of ownership without declarations as rigidly as possible."

Judge Witherspoon seems to have gone a step beyond this rule, above. He admitted the declarations of David Ellen in support of his title as independent testimony, in reply to his declarations in disparagement thereof, introduced by the defendant. If these declarations had been part of the same conversation as that introduced by the defendant, or had been explanatory of some special act, then they might have been admissible as part of the *res gestae,* but the declarations of a party interested can never *per se* be admitted as evidence of his right. *Martin* v. *Simpson, supra.* As we understand the ruling of Judge Witherspoon, he admitted the declarations of David Ellen in support of his own title without regard to their connection with special acts and explanations thereof, but *per se* and in reply to the declarations introduced by the defendant. This, we think, was error.

Fourth. As to the exception "that the presiding judge erred in ruling out the declarations of Robert McKenzie, Sr., that he had given the land in dispute to his grandson, Zimri Ellen, and also in ruling out proof that Robert McKenzie, Sr., had gone round the lines of the tract of land and shown them to his

grandson, Zimri, as his own." It does not appear in the brief at what time these declarations or this inspection of the lines were made. If before David Ellen took possession, claiming by presumed deed from Robert McKenzie, Sr., the evidence was admissible under the principles discussed above; if afterwards, they were inadmissible. In the absence of the facts the court can make no positive ruling upon the subject. If admissible at all, it could have no application to claim of plaintiff's title resting upon the adverse possession of David Ellen.

The other exceptions of defendant, as to the delivery of the deed from David Ellen to plaintiff, and as to the weight and preponderance of the testimony, being questions of fact, cannot be considered. It is the judgment of this court that the judgment of the Circuit Court be reversed.