McGEE v. HALL.

Where, in action for partition, the defendant alleged an absolute title in himself, and claimed to hold the land under the statute of limitations, the issues of title raised in the answer should have been placed on calendar 1 for trial by a jury, leaving the question of partition to be afterwards determined by the court. It was error to dismiss the complaint on the ground that the court could not try titles to real estate in a case of partition.

Before Pressley, J., Anderson, February, 1885.

The opinion sufficiently states the case.

Messrs. Broyles & Simpson, for appellants.

Messrs. Murray, Breazeale & Murray, contra.

September 14, 1885.  The opinion of the court was delivered by

Mr. Chief Justice Simpson. David Hall, late of Anderson County, died in 18—, leaving a will in which, among other devises and bequests, he devised certain tracts of land situate in

said county, containing some seven hundred and eighty-four acres, to his three youngest sons, to wit, Absalom J., John M., and William C. Hall, to be divided equally in value between them. "The issue of any of said sons who may be dead to take the share of the parents, and if either of them should die without issue living at his death, then his or their share in said land to go to the surviving brothers, or their issue, as above." These two tracts, it seems, were surveyed and divided between the three sons named, William C. taking three hundred and forty acres, John M. two hundred and twelve, and Absalom J. three hundred and thirteen.

Shortly after this division, to wit, on May 21, William C. was killed in battle at Jackson, Miss., intestate, unmarried, and without issue; and during the same year, to wit, in August, 1863, his brother, John M., died, intestate, unmarried, and without issue, leaving Absalom J. the sole survivor of the three brothers. The entire lands then, as it appears, went into the possession of Absalom, who sold a portion of the William C. Hall tract, to wit, about one-half in value, to one Jonathan Adams, leaving about 175 acres, the balance of the William C. Hall tract, which, on the death of William C., it was supposed had gone under the will of David to John M. Hall. On the death of John M., Absalom being indebted to one O. H. P. Fant, and supposing that upon the death of John M. he had become the sole owner of the lands in question, on June 5, 1871, mortgaged said land, including the 175 acres mentioned above, to the said Fant. Under proceedings for the foreclosure of this mortgage in December, 1879, this 175 acres was sold and purchased by one Mrs. E. C. Bell, who subsequently sold and conveyed the same to the defendant, Lemuel M. Hall.

Under this state of facts, which are all set out in the complaint, the action below was instituted in June, 1883, the plaintiffs claiming that under the will of their grandfather, David Hall, the tract of land which William C. Hall took in the division went, upon his death, one-half to each of his surviving brothers, to wit, to John M. and Absalom J., and that upon the death of John M., unmarried, and without issue, the share of John M. therein descended to his heirs at law, including the

plaintiffs, Absalom J. and some of the other defendants named in the complaint; and that Lemuel J. Hall having purchased said land from Mrs. E. E. Bell, who bought at the foreclosure sale referred to above, he had become the owner of the share of Absalom J. Hall in said tract, thereby becoming a tenant in common to the extent of the share of Absalom J. therein with the plaintiffs and the other heirs at law of the said John M. Hall. Wherefore the plaintiffs prayed judgment: 1st. That the deed of the master for the 175 acres to Mrs. E. C. Bell under the foreclosure sale, and the deed of Mrs. Bell to the defendant, Lemuel M. Hall, be declared null and void, except as to the distributive share of Absalom J. therein. 2d. That there might be an accounting and partition and division of said land among the parties entitled, or sale, if necessary. And, 3d. That if deemed necessary an issue to try the title to said land should be ordered and directed between the heirs of the said John M. Hall and the said Lemuel M. Hall. Lemuel M. Hall answered the complaint, and resisting plaintiffs' claim for partition, denied the tenancy in common, and set up as his main defence independent title to the 175 acres involved, relying for title upon the deed of Mrs. Bell and the statute of limitations.

The case came up for trial before his honor, Judge B. C. Pressley, February, 1885, when a motion for an issue at law to try the titles to said land made by plaintiffs' attorneys being refused, an order, on motion of the attorneys of the defendant, Lemuel M. Hall, was passed, ordering as follows: "That the complaint be dismissed as to said defendant, on the ground that this court, sitting in chancery, has no jurisdiction to try titles to real estate in a case in partition. And it appearing to the court from the complaint and answer of the said defendant, L. M. Hall, that the said defendant claims titles in his own right; now, on motion of Murray, Breazeale & Murray, attorneys for L. M. Hall, it is ordered that the complaint herein be dismissed as to the defendant, L. M. Hall, and that he be allowed his proper costs and charges."

The plaintiffs excepted, and have appealed upon various grounds, all alleging in substance error to the judge in refusing the motion for an issue at law and dismissing the complaint as to the defendant, Lemuel M. Hall.

Was it error to dismiss the complaint? His honor, the Circuit Judge, construed the complaint to be a complaint in chancery for partition, and it having appeared from said complaint and the answer of the defendant, Lemuel M. Hall, that said Hall claimed title to the land in his own right, thereby raising a question of title to real estate, in the opinion of his honor, the jurisdiction of the court sitting in chancery was ousted, and upon that ground he dismissed the complaint as to the said Lemuel M. Hall. It is no doubt true that an action in the nature of an action of ejectment for the recovery of real estate cannot be tried or entertained on the equity side of the Court of Common Pleas; such a case is strictly a case at law, and must be tried on the law side, and by a jury, unless a jury trial is waived by the parties. And if the action below had been in terms an action for the recovery of the land in dispute from the defendant, L. M. Hall, there would have been no error on the part of the Circuit Judge in declining to hear it on the equity side of the court; yet even in that case we do not think that the complaint should have been dismissed. The proper order would have been to transfer the case from calendar 2 to calendar 1, in other words, from the equity calendar to the jury calendar.

But the action was in no sense an action for the recovery of real estate in the nature of an action of ejectment, or of trespass to try titles. It was strictly an action in partition, based upon the plaintiffs' construction of the will of David Hall and the rights of Lemuel M. Hall in the land, arising upon his purchase from Mrs. E. C. Bell. And the right of the plaintiffs to the partition demanded depended upon the fact whether they had properly construed said will and the sale under the foreclosure proceedings. In their view, upon the death of William C. Hall, one-half of the land which he took in the division made under the will of his father went to John M., which, upon his death, became subject to partition among his heirs at law, Absalom being one of these heirs, whose interest was sold under the foreclosure proceedings, and finally reached the defendant, Lemuel M. Hall, thereby making him a tenant in common with the other heirs to the extent of Absalom's interest. And upon this ground they claimed partition, the complaint being filed for this purpose,

and for no other, except the incidental prayers, intended to remove the obstacles in the way of the partition, to wit, the prayer for vacating the deed of the master and of Mrs. Bell, except as to the interest of Absalom, and also the prayer for an issue if deemed necessary.

The case then came before the Circuit Court as a plain and simple case for partition on the part of the plaintiffs, with a statement of the facts upon which they relied. These facts were not denied by the defendant, Lemuel M. Hall, but the legal conclusion arising therefrom, and claimed by the plaintiffs, was contested, and, in addition, said defendant set up an independent title under the statute of limitations, thereby raising a legal issue. The case, then, upon the answer, assumed the attitude of a case in chancery for partition by the plaintiffs, met by a legal defence on the part of the defendant, Lemuel M. Hall, the one subject to trial by the court, and the other to trial by a jury. In such a case, under the old practice, an issue at law would no doubt have been ordered, but under the principles in the code, and the decided cases in our State since the adoption of the code, a special issue would be unnecessary, and the court, upon the pleadings, could proceed with the trial of both the issues—that raised in the answer before a jury, and that in the complaint by the court, unless the jury trial rendered the court trial unnecessary. See *Adickes* v. *Lowry*, 12 *S. C.*, 108; *Smith & Co.* v. *Bryce*, 17 *Id.*, 544; *Chapman* v. *Lipscomb*, 18 *Id.*, 232.

Under these authorities we think it was error on the part of the Circuit Judge to dismiss the complaint as to the defendant, Lemuel M. Hall. The proper practice would have been to have transferred the issues of title raised in the answer to calendar 1, so as to be tried by a jury, unless a jury trial was waived by the parties, leaving the equity question of partition to be determined by the court, dependent upon the result of the said jury trial. And to this end the judgment below should be reversed.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial as above.