SALE v. MEGGETT.

1. Where a defendant in an equity cause sets up a title to land, the subject of the action, which title, if sustained, would defeat the action, he is entitled to a trial by jury of his claim of title; but if the title asserted be not paramount to the title alleged in the complaint, but only incidental thereto, it may be adjudicated by the judge.

2. A purchaser of a testator's land at sheriff's sale under a judgment against the executor, has title paramount to the claim of a prior mortgagee of the devisees, unless such devisees had been in the exclusive possession of the land before the judgment was obtained.

3. Under an allegation of title from a testator by sale under execution

against his executor, evidence may be introduced to prove the facts necessary to make such sale operate as a conveyance of the testator's title.

4. In action for foreclosure of a mortgage given by devisees on their testator's land, K. was made defendant, who claimed title paramount under judgment against the executor and a sale thereunder. *Held,* that K. was a proper party, and that the issue of title raised by him should be passed upon by a jury on the law side of the court, and then the matters of equitable cognizance determined by the court, but all in the same case.

5. A party entitled to a jury trial cannot waive it except as provided in section 288 of the Code. There is no such thing as a waiver of jury trial by conduct.

6. When a jury trial is waived in a law case, can the judge refer the case to the master or a referee?

7. The issues in a cause cannot be referred except upon the written consent of the parties.

MR. JUSTICE MCIVER dissented as to K.'s right to a jury trial. .

Before PRESSLEY, J., Charleston, July, 1885.

This was an action by W. W. Sale, as clerk of the court, to foreclose a mortgage. It was commenced in November, 1881, in Colleton County, and afterwards transferred to Charleston County by order of the court. On motion of plaintiff's attorney, the order of reference, stated in the opinion, was passed, the brief not stating whether the defendant, Klinck, assented or objected, but it would seem that it was done without his knowledge.

Upon the matters considered by this court, the master's report was as follows:

It will be necessary to dispose first of a question which lies upon the threshold of the case. It is claimed by the defendant, Klinck, that he cannot be called upon to meet or answer the allegations of his co-defendant, Susan Meggett, her answer never having been *served* upon him; that *the affirmative relief* claimed in her said answer could only be obtained by her filing *a cross-bill* in the cause, making the proper allegations and prayer for relief, and serving the same on Klinck; that the bringing of the action in the name of a clerk is a covert attempt on the part of the Meggetts to avoid showing their hands; that the effects of the bill and the answer of Klinck is to raise an issue on his plea

in bar, viz., that the mortgage cannot be foreclosed against him, being in possession under a paramount title, which issue cannot be tried in a foreclosure suit; and that the bill must be dismissed as to Klinck, and the parties left to *their action at law* upon the question of title.

If this position be sound, there is of course an end of the case. But it seems to me to be based upon a fallacy. The only point necessary to be determined here is: *Was* Klinck a *proper party* to these proceedings? To this question there can, I apprehend, be but one answer. As is said in *Cruger* v. *Daniel*, *McMull. Eq.*, 196, "The tenant in possession of the land is always a proper party to a bill for foreclosure." Of course, if he holds by a paramount title, he can plead it. But in what is Klinck's title "paramount" to that of the mortgagor's? Both claim under the common ancestor, and the judgment is admitted to have been subsequent to the mortgage.

The case of *Cruger* v. *Daniel*, *supra*, really decides this whole point. As was said by Chancellor Harper in that case: "This is not, as suggested, an action to try title in the Court of Chancery. Both parties concur in the title of David Murray, and claim under him, and upon equitable principles the defendant cannot avail himself of any title subsequently acquired. If defendant claimed by a title paramount to that of complainant's intestate, as that David Murray, or any one under whom David Murray claimed, had conveyed to him, or any one under whom he claims, before the mortgage to Charles Murray, he would have had a right to have this question tried at law. But he alleges no such title, and he was bound to allege it if any such existed."

This disposes of Klinck's contention as to his "paramount title." It is true that he alleges his title to be paramount, but the very statement of his claim shows that whatever title he may have was acquired subsequently to the mortgage.

I think it is clear, without multiplying authorities, that Klinck was a proper party, and that his plea in bar must be overruled. As to the question with relation to the regularity of the proceedings under which the judgment was obtained, the defences that might have been pleaded against the note, &c., which are raised in the answer of Susan Meggett, it is sufficient to observe

that, whatever their value may be, they cannot properly be raised or considered in the present proceedings. All such defences should have been pleaded *by the executor*, and the issues raised were concluded by the judgment, which cannot be impeached in a collateral proceeding. *Fraser & Dill* v. *City Council of Charleston*, 19 *S. C.*, 384; *Huggins* v. *Oliver*, 21 *Id.*, 147. So far, therefore, as the *judgment* of Klinck is concerned, its validity cannot be attacked in this case.

All other matters necessary to a proper understanding of the case are stated in the opinion.

*Messrs. Rutledge & Young*, for appellants.

*Messrs. Mitchell & Smith*, contra.

April 27, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The purpose of this action was to foreclose a mortgage, executed by the Meggetts, defendants, devisees of James C. Meggett, late of Colleton County, and covering a certain tract of land located in said county. G. W. Klinck, among others, was made a party defendant, because he was in possession of the land, claiming as purchaser at sheriff's sale, under an execution issued on judgment obtained against the executor of the said James C. Meggett, deceased. The plaintiff demanded judgment of foreclosure, that Klinck be required to account for rents and profits, and that the rights of the parties be adjudged. The Meggetts answered, admitting most of the allegations in the complaint, and joining in the prayer thereof; also alleging that Klinck's judgment and execution was null and void and should be set aside. Klinck answered, stating that James C. Meggett during his life-time was indebted to Klinck, Wickenberg & Co., and that after his death his executor gave his promissory note for said debt, amounting to $231.15, as acknowledgment of said debt, upon which judgment had been obtained, and under execution issued thereon he had purchased the land in question, and to perfect his title he had also purchased said land at a tax sale, and now claimed that he was seized in fee, and prayed that he might be dismissed with costs.

It was not proved that the answers of the other defendants, or any of the papers in the case except the summons and complaint, had ever been served on Klinck.

The case was referred by his honor, Judge Cothran, to the master to take the testimony and report upon the issues of law and fact involved in the pleadings, with leave to report any special matter. The reference was made on motion of the plaintiff's attorney. The attorneys of the parties, including those of Klinck, appeared at the different references, with evidence and argument. It is stated by the referee that Klinck, through his attorney, objected to being called upon to meet the allegations in the answer of Mrs. Meggett, claiming affirmative relief against him, as said answer had never been served upon him; and also, as he claimed the land by paramount title, that the question of title could not be tried in a foreclosure suit, and that the parties should be left to their action at law upon the question of title. These objections were overruled by the master, and he made his report upon the whole case, stating the facts fully, which will be found in the "Case," concluding with a recommendation that the mortgaged property be sold, the proceeds to be applied to the mortgage after the payment of costs, &c., and that Klinck be decreed to account for rents and profits from November 30, 1881, to be applied to the deficiency of the mortgage debt.

His honor, Judge Pressley, heard this report upon exceptions from Klinck. He decreed that Klinck, claiming as he did a paramount title under a judgment against the executor of defendants' (Meggetts) ancestor, his title was good if the heirs were not in exclusive possession at the time, but bad if they were in such possession, which he held was a question of fact, upon which "Klinck was entitled to a trial at law, which he could not try, though all the facts were before him under the master's report." He therefore "ordered, that the case be dismissed as to Klinck without costs, he being a proper party, but dismissed only on his claim of trial at law. Further, that the remaining parties have leave to apply for such further order as may be necessary for foreclosing said mortgage."

The plaintiff has appealed, denying Klinck's right to a trial by jury, and claiming that the question of title raised by Klinck was

a mere incidental question raised in a case of acknowledged equity jurisdiction, which the judge had the right to try, and that he erred in not so holding. Besides, that Klinck by his conduct had waived a jury trial. And further, that the judge erred in not deciding that Klinck had no title, as appeared from the record, proved by himself, in reference to the sealed note taken from the executor in payment of Klinck, Wickenberg & Co.'s account against the deceased, which he had sued to judgment and under which he had purchased the land. And in holding that whether the possession of the heirs was exclusive possession of such a character as to prevent the sale on a suit against the executor, was a question of fact, &c. And further, in not deciding the questions of law and fact raised in the master's report, and especially whether Klinck had not lost all claim against the estate, by his own inexcusable neglect in not pursuing the assets in time, &c.

It will be seen at once that the main and the first question in the case is, whether Klinck was entitled to a jury trial, as to the title set up by him. There is no doubt of the fact that the title of Klinck to the land is involved here, and it is equally clear that where title to land is involved, the parties litigant have the right, as a general rule, to demand a jury, if they so desire; therefore, unless the position of the appellant is tenable, that this is an equity cause in all of its prominent features and purposes, and being so, it draws within the jurisdiction in which it is heard all questions arising therein and incidental thereto, like the one here, or unless a jury trial has been waived, then the law suggested above must apply.

The doctrine as to the first question seems to be this: where a title is set up which, if proved to exist as alleged, would be superior to the plaintiff's title, then, in such case, the existence of such title is a matter for the jury, under the instruction of the judge as to the law involved; but where, even admitting the title claimed by the defendant, as alleged, yet if it is inferior to that of the plaintiff, and as matter of law would not defeat his claim if sustained by the verdict of the jury, then there is no necessity for the judge trying an equity cause to submit the title to a jury, for the reason that, in fact, the title is not really involved, as the

defendant can claim nothing under it, and therefore it would be wholly useless to encumber the proceeding with a separate trial in reference thereto; the judge himself may adjudicate the rights of the parties. *Cruger* v. *Daniel*, *McMull. Eq.*, 157.

The question, then, of Klinck's right to a jury trial, independent of the question of waiver, depends upon the fact whether he has set up a superior title to the plaintiff, or rather a title which, if proved to exist, as alleged by him, would in law defeat the plaintiff's claim or right to a foreclosure. Now, he founds his title upon a purchase under judgment and execution against the executor of the deceased, whose land it is admitted was sold upon a debt which he alleges was a debt of the said deceased. Can the lands of a decedent be sold under judgment and execution obtained against his representatives on a debt of his? They can under certain circumstances—briefly, where the lands have not gone into the possession of the heirs; otherwise they cannot. When they have gone into the exclusive possession of the heirs, although they do not escape liability for the debts of the ancestor entirely, yet they can then be reached only by a direct action against said heirs; before alienation a judgment against the representative having no effect, except to establish the debt against the personal assets.

In the case before the court it is true that Klinck has not alleged that at the time of his judgment against the executor and the sale thereunder the land in question had not gone into the hands of the heirs, and was therefore liable to the debt, yet he alleges that it was sold under an execution obtained against the said executor on a debt of the ancestor, and he claims to be seized in fee by virtue of his purchase under a sale made under said execution. And has he not the right to show by evidence all the facts necessary to his claim of seizin in fee, under the allegation of such seizin? Whether his title would be good under that sale, would be a question of law applicable to the facts when found, but whether the evidence would show the necessary facts to bring his title under said law, would be a question of fact, upon which as it appears to us, he would have the right to demand a jury. For instance, whether the note given by the executor was intended as payment of the

account, or a mere acknowledgment thereof, and whether the heirs were in exclusive possession of the land at the time of the sale, &c., would involve to some extent questions of fact for the jury, determining under the law whether or not Klinck's title is superior or subordinate to the mortgage. Because if the judgment, as matter of fact, was obtained on a debt of the ancestor, and the sale made before the heirs had taken exclusive possession, then it would be paramount to the mortgage of the heirs.

But these questions of fact cannot be tried by the judge. He could say what effect they would have as matter of law on the title, but before applying the law he must have the facts, and they can be solved only by a verdict. We do not think that this case falls under that class of cases where the title raised is a mere incidental question to the main issue and may be adjudged by the judge; but it is a case where a party has interposed a title, which if sustained (and that must depend upon the facts in reference thereto), will defeat the opposing claim altogether. And it is therefore a question of paramount title, which if so, as the appellant admits, belongs to a jury.

Next, did Klinck waive his right of trial by jury? Under the code a party may waive a jury trial in one of three ways: 1. By failing to appear at the trial. 2d. By written consent in person or by attorney, filed with the clerk; and 3d. By oral consent in open court, entered on the minutes. *Code*, § 288. In such waiver the court is authorized to try the case. There is no admission in the "Case" that Klinck waived his right by either of these modes. The position is that he waived it by "conduct." The code does not provide for such waiver. But, besides, the judge did not try the question of title, which would have been his duty in case of a proper waiver, because the effect of such waiver is to throw the trial upon the judge. The judge here referred to the master all the issues of law and fact involved in the pleadings, for his report with leave to report any special matter. It is not necessary to determine here when a jury trial has been waived whether the judge could refer such a case to the master or a referee, because we have seen that there was no waiver here.

But independent of a waiver it may be said that all and any

issues in an action may be referred by order of the judge. See *Code*, § 292. This is true with the limitation that such reference can be ordered only on the written consent of the parties, or where they do not consent, in cases involving a long account on either side where said accounting is necessary for the information of the judge, or where a question of fact other than upon the pleadings shall arise in any stage of the action. It cannot be contended that Klinck's right of trial by jury was lost under either of the provisions above.

The question now arises, admitting that Klinck had not lost his right to a jury, does it follow that the case should have been dismissed as to him? We think not. Under the code an equitable issue and a legal issue may be involved in the same action. The plaintiff may combine an equitable cause of action and a legal one in the same suit, and the defendant may set up a legal or an equitable defence to one or both, and they may be all tried—true, not on the same side of the court, but tried without the necessity of separating the causes and ordering a dismissal as to one with leave to bring separate action in reference thereto, if so advised. But the equity cause can be heard by the judge, and the legal cause or defence by the jury, as in a regular case at law. Now, how does this principle apply to the case before us? The plaintiff instituted his action upon a cause of equitable cognizance on the equity side of the court, the defendant was made a party, perhaps under that provision of the code which enacts that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, &c. And any persons claiming title or a right of possession to real estate may be made parties in an action to recover real estate. *Code*, § 139. See *Douthit* v. *Hipp*, 23 *S. C.*, 205; *Adger & Co.* v. *Pringle*, 11 *Id.*, 545.

The defendant claimed title adverse to the plaintiff. He was made a party defendant, he appeared and answered without protest or objection, and in his answer he set up a legal defence. Thus the issue was made up and was on the docket for trial. Why could not that issue be tried under the practice and principle suggested above, by simply witholding for the time the equitable cause and entering upon the legal defence, with a jury, as

in cases at law? *Adickes* v. *Lowry*, 12 *S. C.*, 108; *Smith &
Co.* v. *Bryce*, 17 *Id.*, 544; *Chapman* v. *Lipscomb*, 18 *Id.*, 232;
*McGee* v. *Hall*, 23 *Id.*, 388. This mode of the trial of causes
and defences is claimed to be one of the excellences of the code
practice, as it dispenses with multiplicity of actions and econo-
mizes in matters of costs and expenses. We think under the
section of the code referred to above (139), Klinck was legiti-
mately made a party defendant. In fact, under the old equity
practice being in possession, and claiming title adverse to the
plaintiff, he was a proper party, so that the land, if ordered to be
sold, might be sold free from a cloud overhanging it.

Appellant's other exceptions involving errors assigned as to
the facts, such as whether the heirs were in the exclusive posses-
sion, &c., we think are untenable for the reason, as we have
already said, while the judge might charge the law upon such
facts, the existence of such facts was a matter of evidence—
they were probative facts involved in the question of title, and
should go to the jury.

The Circuit Judge seems to have passed upon all matters so
far as the plaintiff and all other defendants, except Klinck, are
concerned, in his order that the remaining parties have leave to
apply for such further orders as may be necessary for foreclosing
the mortgage, and the only matter left open is the title of Klinck,
and his accountability for rents and profits. We concur with the
Circuit Judge that Klinck's title is a jury question, of course
under the charge of the judge as to the facts necessary to consti-
tute title in a case of this kind; but we do not see why the case
should be dismissed as to Klinck, in order to give him the right
he demands. It would involve unnecessary expense and delay
to proceed with the foreclosure and then let the purchaser contest
Klinck's title in a separate action for possession. The parties
are now all before the court, all questions at issue can be tried
under the proceedure allowed by the code, without violating
Klinck's right to a jury.

It is the judgment of this court, that so much of the judg-
ment of the Circuit Court as dismissed the complaint as to
Klinck be reversed, and that the case be remanded for trial by
jury of the question of title raised by Klinck, and the amount

of rents and profits, if the judge should hold him accountable therefor.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER. I dissent. I cannot concur in the conclusion reached by the majority of the court as to the right of the defendant, Klinck, to demand a trial by jury, but upon this point concur in the view taken by the master. The pressure of other more imperative official duties forbids my entering into any discussion of the question, and I must, therefore, confine myself to a simple dissent. As to the other points involved I concur with the majority.

New trial granted.