## CARRIGAN v. EVANS.

1. An order discharging a rule because title to land was involved does not determine the issues and is not an adjudication on the merits.
2. A purchaser at a foreclosure sale brought action for partition against his co-purchaser and made the person in possession (who, as trustee of the mortgagor, was not a party to the foreclosure case) a party defend-

ant. This defendant denied the right of plaintiff and his co-purchaser to possession or partition, and claimed legal title in himself as trustee. *Held*, that this raised a legal issue which must be tried by a jury on calendar 1, with the burden of proof on plaintiff and his co-purchaser before the question of partition could be determined. *Reams* v. *Spann*, 28 S. C., 530, approved.

Before PRESSLEY, J., Chesterfield, February, 1889.

The opinion states the case.

. *Mr. R. T. Caston*, for appellant.

*Mr. W. W. Hursey*, contra.

July 6, 1889.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This case was submitted upon printed arguments, and, as well as we can gather them from the Brief, the general facts are as follows:

(1) It seems that Samuel W. Evans and his tenant, C. S. Brown, are in possession of a tract of land containing 500 acres; that Evans claims to be seized in fee of the same under the will of one Eleanor Chapman, which conveyed the fee to him upon the trusts to hold the same for the sole and separate use of Margaret Blue, for and during her natural life, and after her death to convey the same to her children, share and share alike; that said Margaret Blue is still alive, and is one of the defendants in the case.

(2) It further appeared that under some proceeding the aforesaid tract of land was offered for sale by the sheriff of Chesterfield County.   The record of that proceeding is not in the "Case," and it does not appear what was the precise nature of the issues, or who were the parties thereto, except that it fell out incidentally from a previous order made by Judge Fraser, that the proceeding was an action by William A. Carrigan, the plaintiff here, to foreclose a mortgage against Mrs. Blue, the principal *cestui que trust*, and that her trustee, Samuel W. Evans, was not a party to the proceeding.   At the sale, however, Carrigan and A. A. Pollock bid off the land, and took sheriff's titles as tenants in common.   Evans refused to yield possession, claiming that the legal title was in him; that he had never been made a party

to any proceeding in which it was adjudged that he had not the title. The purchasers at the sheriff's sale made some efforts to dispossess him, which were not successful; but, from the view the court takes, it will not be necessary to refer to the subject of these proceedings again.

(3) Thereupon the plaintiff, Carrigan, alleging that he and Pollock were "seized in fee simple absolute" of the land, instituted this proceeding against his co-purchaser, Pollock, for partition, making at the same time Samuel W. Evans, the trustee, and his tenant, Brown, as also the *cestui que trust*, Mrs. Blue, parties defendant, the defendant Evans still objecting to surrender possession, but, on the contrary, claiming the land as his own as trustee, and traversing the allegation that Carrigan and Pollock, or either of them, had titles under the aforesaid sheriff's sale and conveyance.

The case came up on calendar No. 2 as a case in chancery, and Judge Pressley, upon motion of the plaintiff, ordered that the following "issues from chancery" be submitted to a jury for trial: "1. Is the defendant, S. W. Evans, the sole owner of the property described in the complaint as trustee? 2. Is the said defendant, S. W. Evans, as trustee, owner of any part of said property or land, and, if so, what part? It is further ordered, that the said defendant, S. W. Evans, do hold the affirmative of said issues," &c.

From this order the defendant, Samuel W. Evans, appeals to this court upon the following exceptions: "I. Because his honor erred in granting said order. II. Because said cause not being ready for trial, and no motion having been served on defendant's attorney, it was error to hear the motion of plaintiff's attorney, and grant order thereon without consent of defendant. III. The complaint being for the recovery and partition of real estate, and the defendant in his answer having denied the allegations of complaint, alleged adverse possession and title in himself, the plaintiff should have been required to establish the allegations of his complaint, and his honor erred in requiring the defendant to assume the affirmative of the issues to be submitted to a jury. IV. The defendant, in his answer, having claimed absolute title to the land described in the complaint, the cause should have

been submitted to a jury upon the issues made by the pleadings, and not upon 'issues out of chancery.' V. The question of title to land being raised by the pleadings, the case should have been transferred from calendar No. 2 to calendar No. 1, to be tried before a jury upon the issues of title raised therein. VI. Because the issues submitted under the order of Judge Fraser having been determined in favor of the defendant, the question of right to the possession of the land described in the complaint was thereby adjudicated. VII. Because the judgment and order of Judge Wallace determined the right of possession of said premises to be in the defendant."

Exceptions 6 and 7 relate to some previous proceedings by the purchasers to oust Evans from the premises, but we do not think it necessary to encumber the case with a statement of them. As we understand it, the doctrine of *res adjudicata* does not apply to the order of Judge Wallace, confirming the finding under "issues" directed by Judge Fraser, that the defendant, Evans, was entitled to possession. While approving the finding, Judge Wallace held that "no final judgment could be rendered in the case, for the reason that title to land cannot be determined in this State under a rule." The merits had not been decided under proper issues. See *Charles* v. *Charles*, 13 S. C., 387.

We regard every point in this case as conclusively settled by that of *Reams* v. *Spann* (28 S. C., 530), where, in a similar case, it was held that "where plaintiff brings action for partition, alleging that two of the defendants are in possession, who answer, claiming title, the rights of these defendants involve a legal issue, which must first be determined by trial by jury, before the matter of partition can be heard. Upon the question of title it is not a case for an issue out of chancery, but for a trial by jury at law." Here the pleadings admit that Evans is now and for a long time has been in possession of the premises, claiming title. It does not appear that he was made a party in the case of foreclosure of mortgage against Mrs. Blue, under which the claimants purchased. They may have no title; Mrs. Blue may not have had the right to bind the land by mortgage. At all events, it is clear that the title has never been adjudged as against Evans, who claims title as trustee in himself. In this state of the case,

the claimants have no right to partition the land between themselves until they have established their title as against Evans. That can only be done in the regular way by proving their title. Evans, being in possession, may remain entirely passive until they, the purchasers, prove their case upon the formal legal issue made by them. To assume that they have title, and to require him to prove his title, and to show cause why he should not be ousted of the possession, would be to reverse entirely the relations of the parties, and by making Evans the actor instead of being the defendant, to deprive him of an important right involved in the maxim, "*Melior est conditio possidentis, et rei quam actoris.*"

As this court said in *Reams* v. *Spann, supra:* "The case embraced two causes of action—one purely legal for the recovery of possession of the land, and the other equitable—for partition of it after it was recovered. The legal issue should therefore have been first tried by a jury; and if that resulted in favor of the plaintiffs, then, and not till then, could the court on its equity side decree partition, as in *Adickes* v. *Lowry*, 12 S. C., 97. In the trial of the legal issues, the action being for the recovery of specific real property, the question of title should have been submitted to a jury upon the issues made in the pleadings. As we understand it, the right of a party to demand a trial by jury under section 274 of the Code differs very materially from any right concerning 'issues from chancery,' [the findings upon which may be entirely disregarded by the judge, acting as chancellor.] So far as the McReas [Evans] are concerned, this is simply an action at law for the recovery of a tract of land." And authorities.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded to that court for a new trial in conformity with the principle herein announced, or such other proceedings as the parties may be advised.