6659

WINDHAM v. HOWELL.

1. LIMITATION OF ESTATES.—A DEED conveying land "unto E. J. forever
   and at her death to her children, J. W., C. M., Mary E. and Eliza T.
   * * * to have and to hold said premises" * * * "in warranty to
   "E. J. and her heirs," carries a life estate to E. J.

2. TITLE—ISSUES.—Where, upon the construction of a written instru-
   ment and undisputed facts, the Court should have directed a verdict
   against appellant and does not, but withdraws from the jury the
   general issue of title set up by defendants in a partition suit and
   submits to jury a special issue, the error is harmless, and the
   special issue may be sustained on ground that a chancellor has the
   power to submit special issues for the enlightenment of his con-
   science.

3. IBID.—IBID.—Whether one tenant in common has transferred his
   interest to another is not an issue to be settled in trial of issue of
   paramount title set up by a defendant in partition suit.

4. EVIDENCE—DEEDS—DECLARATION.—When the issue is, were certain interlineations in a deed made subsequent to its execution? a witness who testifies the interlineations were made by a particular person should not state the reasons assigned by him for the act.

5. IBID.—The DECLARATIONS OF ONE TENANT IN COMMON against interest, a party in interest with his co-tenants, is not admissible against the other tenants in common, except in cases of joint interest or privity of design or combination.

MR. JUSTICE WOODS *dissents.*

6. REFERENCE.—In a case involving issues of partition and of transfer of one interest and of accounting for rents and profits, the Court may refer all issues without consent, the party denying transfer of interest not objecting.

7. REHEARING refused.

Before GAGE, J., Darlington, Spring Term, 1906. Affirmed.

Action by H. H. Windham *et al.* against George C. Howell *et al.* From judgment on Circuit, defendants, George C. Howell and Louisiana Howell, appeal.

*Messrs. E. O. Woods* and *Stevenson* and *Matheson.* for appellants. *Mr. Woods* cites: *Under the pleadings the issue of title was raised, and that should have been submitted to the jury:* 23 S. C., 392; 28 S. C., 530; 31 S. C., 265; 36 S. C., 561; 52 S. C., 236; 54 S. C., 359. *The deed here carries the fee to Eliza J. Windham:* 11 Rich., 515; 17 S. C., 536; 48 S. C., 319; 52 S. C., 119; 35 S. C., 314; 46 S. C., 370; 1 Rich. Eq., 576; 56 S. C., 430; 57 S. C., 174; 28 S. C., 242; 25 S. C., 289; 3 Hill, 193; 16 S. C., 227; 23 S. C., 314. *Issues should not have been referred without consent:* 25 S. C., 80; Code of Proc., 292.

*Messrs. Stevenson* and *Matheson* cite: *Issues of title in equity suits must be submitted to a jury: Bank* v. *Peterkin,* 52 S. C.; 53 S. C., 375; 54 S. C., 359.

*Messrs. Geo. W. Brown* and *R. W. Shand,* contra. *Mr. Shand* cites: *The deed in question conveys only a life estate*

to *Eliza J. Windham:* 32 S. C., 77; 39 S. C., 18; 42 S. C.,
65; 13 Ency., 1072; 13 Am. Dec., 434; 36 S. C., 301. *Issue
of transfer of interests among cotenants was not before the
Court below for trial:* 23 S. C., 391. *Issue of paramount
title should be tried by jury:* 23 S. C., 391; 28 S. C., 530;
36 S. C., 569; 53 S. C., 374; 54 S. C., 123. *Judge should
direct verdict where the issue depends on written instru-
ment and undisputed facts:* 61 S. C., 287; 66 S. C., 18; 57
S. C., 293. *After issue of paramount title, all remaining
questions are for the Court:* 70 S. C., 219. *And order of
reference is proper:* 27 S. C., 408; 50 S. C., 536; 70 S. C.,
217; Code 1902, 977. *Form of verdict is immaterial where
judgment is rendered by the Court:* 18 S. C., 600; 29 Ency.,
1038; Code of Proc., 282, 283.

The opinion in this case was filed July 10, 1907, but
remittitur held up on petition for rehearing until

September 17, 1907. The opinion of the Court was de
livered by

MR. JUSTICE JONES: This action was commenced for the
partition of certain lands in Darlington County. The de-
defendants, George C. Howell and Louisiana Howell, an-
swered, denying the allegations of the complaint and setting
up title to the land described. The first trial of this issue
of title was before Judge Townsend and a jury and resulted
in a verdict for the defendants, under the direction of the
Court. On appeal this Court reversed said judgment and
remanded the case "for trial of the issue of title as made
by the pleadings." 68 S. C., 478, 47 S. E., 715. There-
after the case came on for trial before Judge Gage and a
jury. After considerable testimony was introduced for
plaintiffs and defendants, Judge Gage, stating what he con-
ceived to be the issue in the case, submitted in his charge
the following special issue to the jury:

"Were the names of John W. Windham, C. M. Wind-
ham, Mary L. Wadford and Eliza Troublefield in the deed

in issue there written before James Windham signed and
delivered the deed, or after he signed and delivered the
deed?"

Upon this issue the jury found that the names were writ-
ten in the deed "before" its execution, judgment was en-
tered accordingly, and order granted by Judge Gage refer-
ring all the equitable issues to the master, from which this
appeal is taken. In his order, Judge Gage, among other
things, said: "Both parties claimed under the deed of James
Windham to Eliza Windham and others. That deed cre-
ated only a life estate, and it has been so held by the
Supreme Court on appeal in this case in a former judgment
herein. That being so, and the uncontradicted testimony
showing that some of the plaintiffs and defendant Louisiana
Howell have interests in the property that is subject to par-
tition, the plaintiffs are entitled to proceed on the equity side
of this Court for such further proceedings as may be neces-
sary and proper to effectuate the partition."

We first consider the exceptions to Judge Gage's con-
struction of the deed of James Windham to Eliza J. Wind-
ham and others, dated December 14, 1857, under which
both parties claim. The deed conveyed the land
"unto the said Eliza J. Windham forever, and at
her death to her children (and also to John W.
Windham, C. M. Windham, Mary E. Wadford, Eliza
Troublefield, wife of Thomas Troublefield) * * * to
have and to hold * * * said premises * * *" with
clause of warranty "unto the said Eliza J. Windham and
her heirs." The question submitted to the jury was
whether the words we have placed in brackets above were
in the deed when executed. In disposing of the former
appeal, this Court assumd as the proper construction of this
deed that Eliza J. Windham did not take in fee simple, but
a life estate, and that on her death, in 1900, her children,
Lula Windham, plaintiff, and Louisiana Howell, defendant,
became tenants in common for life with Eliza Troublefield,
hence there were tenants in common for life before the Court

entitled to partition.  The appellants contend that the construction of the deed was not necessarily involved in the former appeal, and that a proper construction would give Eliza J. Windham the fee.   We do not so hold.   This being a deed as distinguished from a will, and involving no element of trust, it is to be construed under the strict rules of common law.   The word "forever," after the name of Eliza Windham, not being a word of inheritance, cannot operate to enlarge her estate beyond a life estate.   *Varn* v. *Varn,* 32 S. C., 77, 10 S. E., 829 ; *Harrelson* v. *Sarvis,* 39 S. C., 18, 17 S. E., 368 ; *Jones* v. *Swearingen,* 42 S. C., 65, 19 S. E., 947.

There is nothing in the habendum clause to enlarge the estate conveyed in the granting clause so as to bring the case within the rule in *Chavis* v. *Chavis,* 57 S. C., 173, 35 S. E., 507.   There being no words of inheritance in the granting clause, the life estate therein conveyed cannot be enlarged into a fee by the warranty clause.   *Jordan* v. *Neece,* 36 S. C., 295, 15 S. E., 202 ; *McMichael* v. *McMichael,* 51 S. C., 558, 29 S. E., 403.   Cases construing wills, and deeds involving trusts, are not in point.

We next consider the exceptions alleging error in submitting to the jury the special issue instead of the general issue of title.

It is settled by many cases in this State that this is an equity cause ; when defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, it is the duty of the Court to submit to a jury the issue of title as raised by the pleadings. *McGee* v. *Hall,* 23 S. C., 392 ; *Sale* v. *Meggett,* 25 S. C., 72 ; *Reams* v. *Spann,* 28 S. C., 533, 6 S. E., 325 ; *Carrigan* v. *Evans,* 31 S. C., 265, 9 S. E., 852 ; *Capell* v. *Moses,* 36 S. C., 561, 15 S. E., 711 ; *Bank* v. *Peterkin.* 52 S. C., 263, 29 S. E., 546 ; *Tyler* v. *Williams,* 53 S. C., 375, 31 S. E., 298 ; *Barnes* v. *Rodgers,* 54 S. C., 123. 31 S. E., 885.

In such cases when each of two or more defendants sets up as against the plaintiff and the other codefendant independent title in himself, it should be submitted to the jury to determine the issue, not only as between plaintiff and defendants but also as between the codefendants, if this is essential to an effective partition.

*Sumner* v. *Harrison,* 54 S. C., 359; 32 S. E., 572.

The appellants invoke these rules to overthrow the action of the Circuit Court and it is necessary to inquire whether the case made falls within these rules. Is there anything tending to show such independent, exclusive, paramount title in themselves as would defeat plaintiff's right of partition? It was undisputed that both sides claimed under the deed which we have construed above. It is true appellants were in possession of the land claiming exclusive title in fee under said deed and the conveyance to them by Eliza J. Windham, but as Eliza J. Windham could only convey her life estate and died in 1900, her deed, as matter of law was of no avail against those having right of partition as tenants in common for her life under the deed of James Windham. On this issue, depending alone upon the construction of a written instrument and undisputed facts leaving room for but one conclusion, the Court had the power to direct a verdict finding against defendant's claim of independent title.

*Barnes* v. *Rodgers,* 54 S. C., 123, 31 S. E., 885; *Gilreath* v. *Furman,* 57 S. C., 289, 35 S. E., 516; *Suddath* v. *Sumeral,* 61 S. C., 287, 39 S. E., 554.

This may have been, strictly speaking, the most regular procedure, but the appellant having utterly failed to show any evidence of independent, paramount title, but on the contrary showing reliance on the same title under which partition is sought, the Court would be stickling for mere form to remand the case for resubmission to the jury when the inevitable result would be a direction of verdict against appellant on the general issue of paramount title. In such circumstances the appellant received no prejudice by the withdrawal of the general issue from the jury.

At this point we will consider the exception alleging error in refusing the motion to direct a verdict against the plaintiff A. H. Windham. The complaint alleged that Eliza Troublefield has conveyed her estate in the premises to A. H. Windham and this was denied by the answer of Eliza Troublefield and the appellants. No evidence was offered to prove this allegation. But it was not material to any interest of the appellant to determine by jury whether A. H. Windham had acquired the interest of Eliza Troublefield claimed to be tenant in common with appellants. Eliza Troublefield has not excepted to the action of the Court and therefore acquiesces in the reservation of the matter for determination by the Court of equity. Moreover, the question whether Eliza Troublefield as a tenant in common has transferred her interest to A. H. Windham has no reference whatever to the question whether appellants had such paramount title as would defeat the action for partition.

With reference to the special issue submitted to the jury, the action of the Circuit Court may be sustained on the ground that in an equity case the Chancellor may refer issues to a jury for the enlightenment of his conscience. *Hammond* v. *Foreman,* 43 S. C., 264, 21 S. E., 3; *Mortgage Co.* v. *Gilliam,* 49 S. C., 355, 26 S. E., 990.

Judge Gage having affirmed the special finding of the jury this finding of fact must stand unless the exceptions to the rulings as to the admissibility of testimony show such material error as should work a reversal.

It is excepted that it was error to refuse to allow Mrs. Howell to state what reason her father, Eli Windham, gave to Mr. Atkinson for inserting the names in the deed made by James Windham, she having testified that Eli Windham accomplished the interlineation through Atkinson. The ruling was correct. The witness having testified that the interlineation was made by Eli Windham, his declarations as to his reasons therefor were not material, when the issue was whether the inter-

lineation was in fact made subsequent to the execution of the deed.

It is further excepted that there was error in refusing to permit Mrs. Odom to state a conversation between Eliza Troublefield and Mrs. Howell, as Eliza Troublefield is a party to the action and her declarations against interest should be admissible. On the death of Eliza J. Windham in 1900, Eliza Troublefield became a tenant in common for life of the premises conveyed in the deed of James Windham, if the interlineation containing her name as grantee was made at the time of the execution of the deed. The object of the proposed testimony was to corroborate the testimony of Mrs. Howell to the effect that in a conversation with Eliza Troublefield, about four years before the trial in 1906, Eliza Troublefield declared to Mrs. Howell in the presence of Mrs. Odem that she saw Mr. Atkinson make the interlineation in the deed. As this was alleged to have been done after the execution of the deed, it was against the interest of Eliza Troublefield to make such declaration. She is a party to the action, and there was no evidence that she had conveyed her interest in the premises. How far are her declarations or admissions competent in this case? Whatever interest she took under the deed was not a joint interest but a tenancy in common. The declarations of one tenant in common of real property are not admissible against the others. 2 Wigmore on Ev., sec. 1081. There was no evidence whatever tending to show that the parties whose names appeared in the interlined words had anything to do with their insertion or that there was such a conspiracy among them to procure the interlineation as would make the declaration of one during the joint enterprise admissible against the others. If the name of Eliza Troublefield alone had appeared in the interlineation her declaration would have been admissible as against herself, but as the interlineation under all the testimony was done at one time and there is no ground upon

which her name alone may be stricken from the deed, her declaration was properly excluded.

The general rule undoubtedly is that the declarations or admissions of a party to a suit may be given in evidence by the adverse party as against all associated with the declarant by joint interest or privity of design or combination. It is also true, as a general rule, that the admission of a party may be given in evidence by the adverse party as against the declarant. But this latter rule does not apply when the effect of the declarations or admissions must necessarily be to prejudice the several and independent interest of those against whom such declarations are not directly admissible, and the case is such as will not permit the admissions to operate to the prejudice of the declarant alone.

The following cases support the view that the testimony was not admissible: *Dale's Appeal,* 57 Conn., 127; *Mc-Millan* v. *McDill,* 110 Ill., 47; *Hayes* v. *Burkam,* 67 Ind., 359; *In re Will of Mary Ames,* 51 Iowa, 596; *O'Connor* v. *Madison,* 98 Mich., 183; *Prewett* v. *Coopwood,* 30 Miss., 369; *Clark* v. *Morrison,* 25 Penn. St., 453; *Foney* v. *Ferrell,* 4 W. Va., 729; *Shailer* v. *Bumstead,* 99 Mass., 127; *In re Kennedy's Will* (N. Y.), 60 N. E. Rep., 446.

The rule announced accords with *Dillard* v. *Dillard,* 2 Strob., 94, and does not conflict with *Peeples* v. *Stevens,* 8 Rich., 198. In the last mentioned case, the Court held that the declarations of executors, who are also legatees, propounding a will for probate may be given in evidence by the next of kin. Judges O'Neale, Whitner and Munro were of the opinion that the declarants had a joint interest and jointly represented all claiming under the will, and further, that the evidence showed *a combination to obtain a common end.* Judges Wardlaw, Withers and Glover placed their concurrence on the latter ground, viz., that a confederacy had been shown and the admission of one confederate would bind the other.

The view that the rule stated in this opinion would exclude the declarations of *all* the adverse parties in interest

separately made and offered to be proven does not neces-
sarily follow for the reason that a Court, advised that it is
proposed to offer declarations affecting *all* the parties, might
admit the declarations of one, subject to be stricken out if
not followed up as proposed, and subject further to instruc-
tions to the jury that the declarations as to one shall affect
only that one, and if the testimony as to the declarations of
any one is disbelieved, the jury must also disregard the
testimony as to the declarations of the other; the issue being
single, whether all the interlined words were in or out of the
deed at execution, precisely as in the case when the issue
is will or no will. Otherwise you permit the rule allowing
the declarations of a party against interest to destroy the
rule disallowing the declarations of one party to affect the
interest of another party not associated by joint interest or
privity.

The suggestion that the plaintiffs, by this form of action,
have voluntarily deprived themselves of the right of object-
ing to the declaration of a tenant in common to affect their
interest ought not to prevail, for the reason that plaintiffs
had the right to bring action for partition and in such action
were compelled to make all tenants in common parties, and
had the right to believe, if their minds adverted to the sub-
ject at all, that the declarations of a defendant cotenant were
not admissible against them.

The remaining question is whether the Circuit Court
erred in referring all the other issues of law and fact to the
master without consent of appellants.

It has been determined that appellants are not entitled to
a trial by jury as matter of right, since it now appears
conclusively that the title claimed by them is not
paramount to but entirely consistent with the right
of partition sought to be enforced. Hence the order
of reference cannot be impeached on the ground that it
denies appellants a mode of trial to which they are entitled
by law. The issues now remaining are purely equitable.

Section 293 of the Code of Procedure authorizes the Court in such cases to order a reference without consent—

1. Where the trial of an issue of fact shall require a long account on either side.

2. Where the taking of an account shall be necessary for the information of the Court before judgment, etc.

3. Where a question of fact other than upon the pleadings shall arise.

The pleading in this case involved an accounting for rents and profits for a series of years.

We cannot say that the case presented is so clearly without provisions of section 293 as to deny the Chancellor power to refer the equitable issues without consent. *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Green* v. *McCarter,* 64 S. C., 293, 42 S. E., 147.

The judgment of the Circiut Court is affirmed.

MR. JUSTICE WOODS, *dissenting:* I dissent on the grounds that the Circuit Judge erred in excluding the evidence of Mrs. Odom as to the declarations of Mrs. Eliza Troublefield to the effect that she had seen the names interlined in the deed after its execution and after the death of the grantor. Eliza Troublefield was one of the grandchildren of the grantor whose names were interlined. There is no proof that she had parted with her claim at the time the declarations were alleged to have been made. These declarations against her interests and the interests of the plaintiff A. H. Windham, who claimed to be her grantee, were, therefore, admissible. *Ellen* v. *Ellen,* 18 S. C., 489; *Westbury* v. *Simmons,* 57 S. C., 471; *Hobbs* v. *Beard,* 43 S. C., 370. It may be true that the declarations or admissions of one tenant in common are not, as a general rule, admissible against the others, but the admissions or declarations of Eliza Troublefield were competent against herself and her grantee, and, as I think, should not have been excluded, because they incidentally affected her cotenants.

Under the rule announced in the leading opinion, if each one of the plaintiffs had separately declared in the most explicit manner that they had seen the names inserted after the execution of the deed, none of the declarations would have been admissible, because they had united in the action as tenants in common.

The weight of authority in other jurisdictions is to the effect that, in a proceeding to prove a will, the declaration of an executor, or a devisee, or a legatee, tending to defeat a will, are not admissible, because it is impossible to have a judgment against the party making such declarations which would not be decisive of the interests of all.   But there is strong reason, as well as high authority, against the exclusion.   It is regarded by Wigmore as unsound (2 Wigmore, 1081), and the argument against it is forcibly stated in *Beall* v. *Cunningham,* 113 B. Mon., 399.   See, also, 1 Greenleaf on Ev., sec. 174.

In *DuRant* v. *Ashmore,* 2 Hill, 184, which was a case of a contested will, the declarations of two of the devisees that deceased had left no will were held to be admissible.   This case was cited and its doctrine on this point reaffirmed in the opinion of Judge O'Neale in *Peeples* v. *Stevens,* 8 Rich., 198, where the declarations of the executors named in the will against its validity were held admissible.   The case of *Dillard* v. *Dillard,* 2 Strob., 89, is distinguished and held not to conflict, because there the declarations offered and excluded were those of a legatee not a party to the cause. The very same condition of combination for the attainment of a common end, relied upon by Judge O'Neale to give additional support to his conclusion in *Peeples* v. *Stevens,* that the declarations were competent, are found in this case. There the fact referred to as furnishing plenary evidence of combination to a common end was the presenting together the same paper as a will, and contending together for its probate; here the parties were presenting the deed and contending together that the interlineation on which the cause depends was made before the deed was executed.   It is true,

in the opinion of Judge Wardlaw, concurred in by Judges Withers and Glover, concurrence was placed on the ground that a confederacy had been shown, but there is no dissent from the opinion of Judge O'Neale on the point here under consideration.

But there is much stronger reason in this case for admitting declarations of one of the cotenants than for admitting such declarations in a proceeding to establish a will.

The devisees and legatees cannot have their rights under a will separately adjudicated. They are tied to each other by the statute law, and the will must stand or fall as to all.

Here the plaintiffs in the complaint allege that the defendants G. C. Howell and Louisiana Howell were claiming the whole of the land under the deed in which the interlineations were found. They, therefore, knew the contest would be over the deed, and by bringing this action for partition they voluntarily connected themselves in the proceeding with Eliza Troublefield and all whom they alleged to be cotenants. Each of the cotenants had the right to bring a separate action against the defendants, who were in possession, for his separate share of the land, and, of course, in such separate action, the declarations of the other cotenants as to the interlineation would not have been admissible. But having elected to test the deed in one action for partition, thus uniting themselves with the other persons whose names were mentioned in the interlineation, they should not be allowed to deprive the defendants G. C. Howell and Louisiana Howell of the benefit of the declarations against her interests of Eliza Troublefield, one of the cotenants.

PER CURIAM. September 17, 1907. After careful consideration of the petition herein, this Court is satisfied that no material question of law or of fact has been overlooked or disregarded.

It is, therefore, ordered, that the petition for a rehearing be dismissed and that the order heretofore granted staying the remittitur be revoked.