## JONES v. SWEARINGEN.

1. EXECUTOR—ADVERSE POSSESSION.—Where testator devised all of his lands to his widow for life, but to be under the management of his executors, with the right given to the widow and executors to allot portions to testator's children after their marriage at an appraisement by three disinterested citizens, one of these executors cannot claim a tract of land of this estate by adverse possession against the remaindermen, where his claim rests upon a deed to him by the other executor, who claimed an allotment of this tract to him after his marriage, but without appraisement, and where the widow lived with the present claimant on the land.[1]

2. IBID.—WILL—BETTERMENTS.—And under these facts, such claimant cannot demand the value of improvements put by him upon this tract of land; for his claim of title was inconsistent with the provisions of the will, of which he was executor, and of whose contents the law will presume him to have been informed.

3. IBID.—COMMISSIONS.—There was no error in refusing to allow commissions to an executor, when there was no testimony to show that he had made the returns required by law.

4. IBID.—SALE BY ORDER OF COURT.—Where an executor resists the claim of the devisees to a most valuable part of the estate, and the decision is against him, this court will not disturb the ruling of the Circuit Judge in ordering a sale of the estate by the officer of the court, instead of by this executor, as directed by the will.

5. DEED—WORDS OF INHERITANCE.—Where a deed contains no words of inheritance, nor any words to suggest that such an idea was in the mind of the grantor, only a life estate passes.

6. IBID.—PAROL TESTIMONY is inadmissible to show the intention of parties to an ordinary unambiguous deed.

7. IBID.—ISSUES.—Where defendant claimed a fee simple title under his deed, he cannot complain on appeal that the Circuit Judge, on decreeing that he had only a life estate, failed to find that the consideration was full value, and to direct the money paid for the land to be refunded.

8. THE CONSTRUCTION OF A DEED is for the court, and should not be submitted to the jury for decision.

9. SALE OF LAND—PAROL TESTIMONY.—Testimony is inadmissible to prove a sale of land by an alleged grantor, now deceased, who remained in possession, no evidence being offered to prove payment.

10. OPENING AND REPLY.—Where plaintiffs sought partition and sale of their ancestor's estate, alleging title in themselves and defendants as devisees, and one of the defendants denied such title in the devisees as to one tract

---

[1] See this subject examined and discussed in note, 19 L. R. A., 839.

of land, asserting title thereto in himself, and an issue as to the title so asserted by this defendant is submitted to a jury, the plaintiffs are entitled to open and reply on such issue.

11. AN EXCEPTION imputing error to the trial judge in refusing to charge a request of four pages, embodying many propositions, some of which were charged, not considered.

12. RECALL OF JURY.—The trial judge may, in his discretion, of his own motion, recall the jury for further instructions, to make more clear to their minds that which he had already charged.

Before HUDSON, J., Edgefield, November, 1893.

This was an action by B. L. Jones and others against J. C. Swearingen and others, commenced January 27, 1893. The appeal was on the following grounds: 1st. Because the court erred in not allowing A. S. Swearingen to set up the claim of adverse possession of the tract of land, and in not allowing him, the said A. S. Swearingen, to go to the jury as to whether he held the said tract of land as executor, or in his own right by adverse possession or otherwise. 2d. Because the court erred in not allowing A. S. Swearingen to set up the value of improvements made by him on the tract of land claimed by him. 3d. Because the court erred in not allowing A. S. Swearingen commissions on the various portions of the estate of Moses Swearingen, which passed through his hands. 4th. Because the Court erred in not allowing A. S. Swearingen, as executor, to sell the balance of the property under the will. 5th. Because the court erred in construing the instrument of conveyance or assignment from E. M. Swearingen, dated 6th December, 1880, as a life estate to A. S. Swearingen, instead of an absolute fee simple title. 6th. Because the court erred in refusing to allow the defendant, A. S. Swearingen, to introduce testimony to show what was the intention of the parties at the time of the execution of the deed from E. M. Swearingen to A. S. Swearingen, and to show what kind of an estate was intended to be conveyed thereby. 7th. Because the testimony having shown that the defendant, A. S. Swearingen, paid full value for the interest of E. M. Swearingen in said estate, the court erred in not holding that he was entitled in fee to E. M. Swearingen's interest therein, or to a refunding of the amount paid therefor.

8th. Because the court erred in refusing to allow the jury to decide what was the intention of the parties at the time of the execution of the deed from E. M. Swearingen to A. S. Swearingen, and what kind of estate was intended to be passed thereby. 9th. Because the court erred in refusing to allow the defendant, A. S. Swearingen, to introduce testimony to show that he had purchased from his mother, Mrs Martha Swearingen, by paying the purchase money and being let into possession thereof, her life estate in the tract of land claimed by him, and in holding that he could not claim the same by adverse possession. 10th. Because the court erred in not allowing the defendant, A. S. Swearingen, to submit to the jury the question as to whether he was seized and possessed of the tract of land whereon he now resides, and whereon he has erected his dwelling and other valuable improvements, for more than ten years next before the commencement of this action. 11th. Because his honor erred in not submitting to the jury the question as to whether or not the plaintiffs, and the other defendants herein, their ancestors, predecessors, or devisors, were not seized or possessed of the tract of land claimed by this defendant within ten years next before the commencement of this action. 12th. Because his honor erred in not allowing the defendant, A. S. Swearingen, to open and reply on the affirmative defence and issue as to whether or not he was the owner of the tract of land which he claims in his own right. 13th. Because the court erred in refusing to charge the jury as requested by the defendant, A. S. Swearingen. 14th. Because the court erred in calling out the jury for additional instructions, without being requested to do so by the jury and without any necessity therefor.

*Messrs. Simkins & Tompkins,* for appellant.

*Messrs. Sheppard Bros.* and *Folk & Folk,* contra.

July 26, 1894. The opinion of the court was delivered by

Mr. Justice Pope. This action, commenced on the 27th day of January, 1893, came on to be heard before his honor, J. H. Hudson, at the fall term, 1893, of the Court of Common Pleas for Edgefield County, and a decree therein was pronounced by

the said Circuit Judge on the 27th day of November, 1893. The defendant, Arthur S. Swearingen, has appealed to this court, and it now remains for us to consider his several grounds of appeal.

Preliminary to their statement, a brief recital of the facts developed during the contention should be made. In 1854, Moses Swearingen departed this life, survived by his widow and ten children, and possessed of a considerable real and personal estate. He left a will, of which he made his widow and two sons, Eldred and Arthur, the executors, and by its provisions his whole estate, real and personal, was given to his widow for and during her natural life, but said estate to be under the control and management of the executors of his will during the existence of the life estate of his widow, and after her death all his property was to be sold by his executors and proceeds divided among testator's children. The testator very wisely provided, however, "when the said heirs (his children) marry off, such portions to be given to each one out of my said estate, as my executors, together with my wife, in their judgment may think can be conveniently spared, and such property as may be thus given off be appraised at the time by three (3) disinterested citizens." In 1883, certain landed estate was allotted to children who had married, the same being, at the date thereof, duly appraised by three disinterested citizens, as was evidenced by their return in writing, and deeds to such children or their alienees, where sold, were executed by the executors. At the same time (1883) these same three disinterested citizens appraised the three remaining tracts of the estate, one containing ninety-three acres, and one containing 140 acres, at $10 per acre, and the home place, where the widow, Mrs. Martha Swearingen, then resided, containing 212 acres, at $13 per acre. Mrs. Martha Swearingen departed this life on the 4th day of January, 1893. One of the sons, Arthur S. Swearingen, did not marry until the year 1884. One of the daughters, Sallie Swearingen, died, never having been married, and *intestate*, a few years ago. Mrs. Martha Swearingen, the widow and life tenant, until during the year 1891, and Miss Sallie Swearingen, during her life, and Arthur S. Swearingen, who

was one of the executors, lived together on the lands of the estate of Moses Swearingen.

This action was brought for partition amongst the parties in interest by having the three remaining tracts of land sold, &c. When Arthur S. Swearingen answered, he denied the right of the parties to bring this action, generally, but he specially denied that the tract of 212 acres any longer was a part of the estate of Moses Swearingen, deceased, because he alleged that in the year 1876 or 1877 this tract of land was set apart to his brother, Eldred, and to his sister, Sallie, in equal portions, to wit: 106 acres thereof to each one; and that in December, 1880, the said Eldred had, by his deed therefor, conveyed the said 106 acres to himself; that his title was protected as one in fee simple; that his ownership in fee to said lands was protected by his adverse occupation thereof for more than ten years prior to suit brought; that his ownership was protected by reason of statute of limitations, in that more than ten years had intervered between the commencement of this action and any seizin of said lands by plaintiffs, their ancestors, predecessors, or devisees; and that in good faith having expended more than $3,000 in the erection of buildings upon said 106 acres of land, if his plea of title should be overruled, he was entitled to the value of such improvements and betterments.

Having thus squarely claimed title to this 106 acres of land, that question was submitted to a jury. Before going further, it should be stated that Eldred Swearingen conveyed by deed all the interest he had in the estate of his father, Moses Swearingen, to his son, Yancy Swearingen, who promptly, within the statutory period, placed his deed on record; but that Arthur S. Swearingen never having his deed on record, the said Yancy claimed to be the purchaser for valuable consideration without notice, although, in fact, holding title under a deed junior to that of Arthur S. Swearingen. The question of notice to Yancy when he took title from Eldred was also submitted to a jury. The verdict of the jury was in this form: "We find that the one hundred and six (106) acres of land claimed by Arthur Swearingen was never duly allotted to Eldred M. Swearingen, according to the will of Moses Swearingen, and,

therefore, in this issue of the title, we find for the plaintiffs and defendant remaindermen who contest this claim of Arthur S. Swearingen. We further find that Yancy Swearingen had notice of the transfer and conveyance to A. S. Swearingen by Eldred M. Swearingen of the life estate of the latter, and that Yancy holds the fee, subject to the life estate aforesaid." The Circuit Judge having concurred in these findings, the appellant now suggests, by his appeal, errors at and during the trial before the jury, and afterwards in his decree by the Circuit Judge. The grounds of appeal will, no doubt, appear in the report of the case. We will content ourselves with stating the substance of them.

*First.* It is claimed in this exception that the Circuit Judge erred in not allowing the appellant to go to the jury on his claim that he held the 106 acres of land by adverse possession.

1  It must be conceded that, in order that a litigant in an issue of title to land may claim the benefit of the doctrine of title by adverse possession, the testimony offered must be responsive to such adverse possession. Unquestionably, if there be any legal testimony on this issue, no matter how slight or insufficient, the jury alone can pass upon such testimony. On the other hand, however, if there be no such testimony, it is the duty of the Circuit Judge to decline any such submission to the jury. A careful review of the testimony shows us that there was no legal testimony on this issue. Hence the Circuit Judge was not in error. Having announced this conclusion, in common fairness the appellant is entitled to know the basis of our conclusion on this point. Briefly stated, it is this: When Moses Swearingen confided his estate, real and personal, to his widow for life, but circumscribed with the condition that the life tenant's possession and control of such property should always be under the control and management of his executors, of whom Arthur S. Swearingen was one, and the most active one at that, a peculiar trust was thus vested in Arthur, from which he could only escape by the methods pointed out in the two cases—*DuRant, trustee,* v. *DuRant,* 36 S. C., 49, and *Nobles* v. *Hogg,* *Ibid.,* 377—and not having divested himself of this trust, it was not in his power to hold successfully any such attitude as that

now claimed by him.  To hold otherwise than did the Circuit
Judge, would be for the court to give countenance to a most
flagrant breach of duty in a trustee.  It is always incumbent
in one asserting such a defence as adverse possession to show
that there were some persons, capable of speaking and acting,
to prevent the consummation of this adverse holding.  In the
case at bar, under the will the widow was allowed to hold this
106 acres throughout her life, which only terminated in Jan-
uary, 1893, about three weeks before this action was com-
menced, and she was actually in possession of this land up to
some time in 1891.  It is true, the appellant was there also.
But how were the remaindermen advised that this trustee,
whose duty, under his father's will, it was to hold and protect
this title for such remaindermen (he being one of them), had
divested himself of his character as trustee by reason of his
executorship, which very office he claims to hold until to-day?
There is nothing in the testimony offered at the hearing upon
which this claim of adverse possession could be bottomed, and,
therefore, no legitimate complaint can be raised against the
ruling of the Circuit Judge.

*Second.*  The next objection to the Circuit Judge is that
Arthur S. Swearingen was not allowed to set up the value of
the improvements made on this 106 acres of land.  This
executor can surely not expect to be placed in the cate-
gory of purchasers of land whose title is lost after im-
provements have been made upon the premises purchased.
When he qualified as executor of his father's will, the law will
presume knowledge of the contents of that instrument.  Under
the provisions of that will, his testator had plainly said that
the lands, if not previously, during the lifetime of the widow,
Mrs. Martha Swearingen, allotted to one of his children, who
had married, by his executors, and upon an appraisement at
that time made by three disinterested persons, upon the death
of the life tenant should be sold by the executors, and the pro-
ceeds equally divided amongst testator's childen.  There was
no error here.

*Third.*  The appellant here suggests that the court below
should have allowed him commissions on the various portions

of his testator's estate which passed through his hands. The Circuit Judge failed to make any such allowance of commissions because there was nothing in the testimony going to show any basis for such a claim. No returns on the estate were ever made to the Probate Court. Certainly no testimony as to any such facts were offered at the hearing. Therefore, there was no such error.

*Fourth.* It is suggested in this exception that the executor, appellant, ought to have been allowed to sell the remaining property. If the appellant, upon the falling in of the life estate, had set on foot proceedings for the sale of all of his testator's property, no doubt, if this action had been brought, the decree pronounced would have protected the executor. Having, however, elected to treat the estate, or rather the most valuable part of it, as his own, bidding defiance to the claims therein of his brothers and sisters, we will not interfere with the exercise of this discretion by the Circuit Judge sitting as Chancellor. It is rather late in the day for the appellant, having ventured his all in this contest and having lost, to set up any such rights in the premises. Let this exception be overruled.

*Fifth.* It is here suggested that the Circuit Judge erred in so construing the deed executed by Eldred M. Swearingen to Arthur S. Swearingen, whereby all the interest of Eldred M. in the estate of his father, Moses Swearingen, was vested in the said Arthur S. Swearingen, as to hold that such estate so vested was a life estate in such share and not a fee simple. The language of the deed under consideration is as follows: "State of South Carolina, County of Edgefield. Know all men by these presents, that I, Eldred M. Swearingen, of the county and State aforesaid, for and in consideration of the sum of twelve hundred dollars, do hereby transfer, set over, and assign to Arthur S. Swearingen, all my right, title, and interest, and all the right, title, and interest that I may at any time acquire, in the estate of Moses Swearingen, deceased. Witness my hand and seal, this 6th day of December, 1880. Eldred M. Swearingen. (L. S.) Witness: M. Harriss, W. H. Harden." The construction placed upon the

language of the deed in question by the Circuit Judge, is supported by a long line of decisions in this State. There are no words of inheritance, or any words to suggest such an idea as in the mind of the grantor. Such being the case, Arthur S. Swearingen takes only a life estate. *Bratton* v. *Massey,* 15 S. C., 284; *Varn* v. *Varn,* 32 *Id.,* 77; *McLeod* v. *Tarrant,* 39 *Id.,* 271; *Bradford* v. *Griffin,* 40 *Id.,* 468.

*Sixth.* At the trial the appellant sought to introduce testimony to show what was the intention of the parties, grantor and grantee, in the execution of the deed we have just considered under the fifth ground of appeal. The Circuit Judge denied such right, and this exception is intended to review such conclusion. We agree with the Circuit Judge. The appellant clearly did not bring himself within any of the exceptions to the rule, that testimony outside of the deed will not be allowed to be introduced to vary or alter the language employed in the deed itself. There was no ambiguity here to be explained. There was no reference to anything outside the deed, nor indeed any circumstances that should have caused the Circuit Judge to admit this testimony. This rule was recently considered in *Rapley* v. *Klugh,* 40 S. C., 134.

*Seventh.* The appellant next contends that he having established that he had paid Eldred M. Swearingen full value for the fee simple title to this 106 acres of land, he should have been decreed title, or that the money so paid be refunded. The Circuit Judge was evidently not so impressed with the testimony offered by appellant. Under the well established rule of this court, that the the decision of a question of fact by the Circuit Judge will not be disturbed unless without any testimony to support it, or when such conclusion reached by the Circuit Judge is manifestly against the weight of the testimony, we decline to interfere. The Circuit Judge meted out to the appellant full justice, for he held that the appellant was entitled to all that his deed, executed by Eldred M., conveyed to him, namely, the life estate in the whole share of the said Eldred M. Swearingen in his father's estate. There was no other issue before the Circuit Judge. And it can scarcely

be imputed to such judge that he failed to give a litigant what he neither asked for in his pleading nor sought at the hearing.

*Eighth.* The next complaint of the appellant is that the Circuit Judge refused to allow the jury to decide what was the intention of the parties to the deed from Eldred M. to Arthur S. Swearingen, and what kind of an estate was created thereby. To overrule this exception is the plain duty of this court. The court must construe any writing for and to the jury. And as we have just hereinbefore held, the Circuit Judge properly held that this deed created a life estate in Arthur S. Swearingen in the share of his brother, Eldred M., in the estate of their father, Moses Swearingen, deceased.

*Ninth.* The ninth, tenth, and eleventh exceptions of appellant may be briefly considered together. It is here suggested that appellant should have been allowed to show, on the one hand, that he had purchased his mother's life estate in the 106 acres of land,[1] and then, on the other hand, that he (the appellant) was protected in his ownership of the 106 acres of land by adverse possession for ten years, and, again, the statute of limitations. As to the testimony relating to the purchase of his mother's life estate by Arthur, the appellant is partially mistaken, for the Circuit Judge did hold that one of the witnesses might testify as to the transactions between the life tenant and her son, if he saw him pay her money. And we think this is as far as the witness, Harris, should have been allowed to testify in this direction; for here Mrs. Swearingen is dead, and there was no writing between her son and herself, evidencing a release of her life estate in this 106 acres of land to him. She always remained in possession until 1½ years of her death. Therefore, all she did, all her transactions touching this land, including money being paid, were legitimate. So we

---

[1] The basis for this exception is as follows, as shown by the stenographer's notes at the trial: "By Mr. Simkins: Do you know whether or not Mrs. Swearingen, who is now dead, ever sold her life estate in this tract of land to A. S. Swearingen? Mr. Sheppard objected. The Court: She is dead, you can't introduce her declaration. If he saw the transaction, and saw any money paid, it might be different. Q. Did you see any money paid? A. No."—REPORTER.

see, when Harris is asked if any money was paid to Mrs. Swearingen by her son, Arthur, he says "No." On the second branch of this inquiry as to adverse possession—statute of limitations—we shall be content with what has already been stated in considering the first ground of appeal.

*Tenth.* The twelfth exception imputes error to the Circuit Judge in that he allowed the plaintiff to open and reply in the trial before the jury both in evidence and argument. Plaintiffs certainly in their complaint asserted that title to this 106 acres of land was in the legatees and devisees of Moses Swearingen, deceased. The defendant denied this, and claimed an independent title in himself. Thus he never for a moment admitted the allegations of the complaint as to this title. Not having done so, there was no confession and avoidance. Indeed, there was nothing to differentiate this case from those ordinarily tried in court. There was no error here.

*Eleventh.* This exception (13th) relates to the refusal of the Circuit Judge to charge the jury as requested by apppellant. These requests occupy four printed pages of the "Case," and embody many propositions of law. Some of those propositions the judge charged as requested; some he did not. The form of this exception of appellant is obnoxious to the rules of this court. It is dismissed.

*Twelfth.* The last, the fourteenth exception, complains that the Circuit Judge, after the jury had retired to their room for consultation as to their verdict, and without any request therefor, directed the jury to return to the court room, when he repeated and amplified the directions he had previously given them; and appellant complains that there was no necessity for this. We do not apprehend that there will be much difficulty in settling this matter. When it is remembered that the Circuit Judge is directly responsible that the issues shall go to a jury of the county fairly and clearly, and when he realizes that his charge to the jury already delivered on these issues may not prove clear to their minds, it is right and his duty to rectify his mistake at any time before verdict

rendered. This is a matter of practice wisely confided to the Circuit Judge.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.