7237

## EPPERSON v. JACKSON.

1. ACTION PENDING.—That an administrator has obtained an order for sale of the property of his intestate, that he has not made a return for several months after end of administration year, that he has advertised for final discharge and tried to file his return, does not show an action pending in probate court for accounting.

2. COMITY—JURISDICTION.—AN OBJECTION raising the question of comity is not jurisdictional.

3. JURISDICTION—PROBATE COURT.—THE COURT OF COMMON PLEAS has concurrent jurisdiction with the probate court of an action against an administrator for account, and the Court first acquiring jurisdiction should retain it.

   *Ex parte White*, 33 S. C., 442, *distinguished from this.*

4. ADMINISTRATION—APPEAL.—An order of the probate court directing the administrator to sell the property of his intestate for not less than the appraised value cannot be attacked collaterally. Remedy

against its provisions is appeal. Such an order is proper under the facts here.

5. IBID.—ACCOUNTING.—In an action against an administrator for accounting, the only evidence of the value of property sold by him being the sale bill and appraise bill, the order directing him not to sell for less than the appraised value, it is not error to require him to account for appraised value.

6. IBID.—COMMISSIONS.—Administrator who fails to make returns is not entitled to commissions except on balance decreed to be paid into Court.

7. IBID.—INTEREST should be charged against administrator under facts in this case from beginning of calendar year following the one in which the funds came into his hands.

Before WILSON, J., Sumter.   July, 1908.   Modified.

Action by Leona Epperson *et al.* against Edward A. Jackson, as administrator of Thos. W. Belvin *et al.*   From Circuit decree both parties appeal.

*Mr. L. D. Jennings,* for defendants, cites: *As to jurisdiction of Circuit Court:* Code, 1902, 2557; Con., art. V, secs. 19, 15; Code of Proc., 40, 55; 22 S. C., 46; 33 S. C., 446; 22 S. C., 46.  *Right of probate court to fix upset price in order of sale:* Code of Proc., 2605, 2606; 2 Bay., 322.  *On sale without authority administrator is only liable for value and interest:* 2 McC. Eq., 185; Cross. Ex. & Ad., sec. 278; Code, 1902, 2603, 2533.  *As to interest:* 57 S. C., 41; 4 Rich. Eq., 95; 18 S. C., 1; Riley's Eq., 38.

*Messrs. Lee & Moise,* contra, cite: *Common Pleas Court has concurrent jurisdiction:* Adams Eq., sec. 220; 1 Pom. Eq. Jur., sec. 140; 1 S. C., 186; 7 S. C., 472; 24 S. C., 580; 16 S. C., 171.  *Administrator is liable for value of property sold in disobedience of order:* 2 S. C., 342; 1 DeS., 304, 575; 2 Hill Ch., 97; 13 Rich. Eq., 269; Code, 1902, 2605; 12 S. C., 575; 39 S. C., 537; 2 Hill Ch., 72; Riley Ch., 19; 5 Rich. Eq., 227; 3 DeS., 94; 2 McC., 150; Bail. Eq., 13;

McM. Eq., 190; 18 Cyc., 746, 763, 820, 844, 845; 35 La. Ann., 858; 2 S. C., 337; 7 Ency., 289, 355, 358; 4 DeS., 526, 35 Ala., 553; 13 Wis., 1; 14 Wis., 210; 12 Ala., 305; 4 Watts, 177; 1 Doug., 422; 3 John Ch., 552; 15 M. M. Ch., 508. *Commissions:* Code, 1902, 2555; 11 S. C., 156; 42 S. C., 58; 10 S. C., 208; 14 S. C., 252; 18 S. C., 3. *Interest:* 11 S. C., 140; 18 S. C., 2; 57 S. C., 36.

July 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for an accounting, against an administrator.

The facts are thus stated, in the decree of his Honor, the Circuit Judge:

"It appears that the testator died on July 19, 1905, and the defendant, Edward A. Jackson, was duly appointed his administrator on August 12, 1905.

"In his petition for letters of administration, amongst other assets, he alleged that there were forty acres of cotton, of the value of nine hundred dollars. Appraisers were duly appointed, amongst them was one C. J. Jackson, who filed their return and appraisement on August 16, 1905, whereby they appraised 'cotton in field at twenty bales, at forty-five dollars,' $900.00.

"On August 18, 1905, the administrator filed his petition in the probate court, alleging that it had become necessary to sell the personal property of the intestate, as per inventory and appraisement on file, and that said property could be sold to more advantage if sold at once, and 'as the growing crops stand in the field,' etc. He then prayed for an order of the court of probate authorizing and empowering him to sell said property, as per inventory and appraisement, 'and for not less than the appraised value thereof.'

"Upon due consideration of said petition the court of probate, on August 18, 1905, made its decree, and thereby authorized and empowered the administrator to sell the personal property of the intestate, 'as per inventory and

appraisement on file in said court, at Claremont, in said county and State, on Monday, August 28, 1905, at public sale, to the highest and best bidder thereon, for cash, and for not less than the appraised value thereof,' etc.

"Pursuant to said order and decree the administrator undertook to sell the personal assets of the decedent, at the time and place directed by the order of the court, and claims to have sold the growing crops of cotton in the field unto one C. J. Jackson at and for the price of six hundred and six dollars, the same being two hundred and ninety-four dollars less than the minimum price at which he was ordered and directed to make such sale.

"It appears from the testimony that said growing crop of cotton was sold by the administrator to his brother, C. J. Jackson, who had been one of the appraisers and who was at that time a co-partner of the administrator in business.

"It likewise appeared from the testimony of the administrator that he, acting for the alleged purchaser, took possession of the growing crop of cotton, gathered and harvested the same, had it prepared for market, and sold the said cotton crop and deposited the money in bank in the name of C. J. Jackson and Company, said co-partnership consisting of the said C. J. Jackson and the said administrator and used the funds of the estate in their mercantile business."

On hearing the case, upon exceptions to the master's report, the Circuit Judge held: (1) that the administrator had made himself personally responsible for the said deficiency of two hundred and ninety-four dollars, which should be charged against him in this action; (2) that the master properly allowed the administrator the sum of seventy-six and 23-100 dollars, as commissions due him, under the statute; (3) that the exception assigning error on the part of the master in not holding that the administrator was liable for interest on the balance ascertained to be due

by him from 1st of January, 1906, instead of 1st of January, 1907, could not be sustained.

Both the plaintiffs and the defendants appealed from the decree of the Circuit Court.

We will consider, first, the defendant's exceptions, the first of which is as follows:

"Because his Honor, the presiding Judge, erred in holding that the Court of Common Pleas had jurisdiction of this cause, whereas his Honor should have held that the administration of said estate having been commenced in the probate court was still pending, and that the relief sought in this cause could have been obtained in the probate court in said proceedings of administration, and should have dismissed the cause."

The master overruled the objection to the jurisdiction of the Court, on the ground that no suit was pending in the probate court.

The following statement appears in the record: "On argument of the case before the presiding Judge, the defendants raised the question of the Court's jurisdiction, to hear and determine the cause, just as it was raised before the master. The Circuit Judge made no ruling either way as to question of jurisdiction, neither from the bench nor in his decree."

The defendant's attorney relies upon the following facts to show that an action or proceeding was pending in the probate court when this action was commenced:

"That the administrative year expired on the 12th day of August, 1906. That shortly after the administrative year the proper notice was published and that the administrator would apply to the judge of probate for a final discharge on the 5th day of October. That on that day the administrator appeared at the office of the probate judge to render in his accounts, but that the probate judge was sick at home and the matter could not be attended to. That on the 25th of December, 1905, the probate judge departed this life,

11—83

and that some time thereafter the present probate judge was commissioned. That the administrator applied to him in reference to the matter, and he was told that as soon as he became familiar with the duties of the office he would notify the administrator, and he could come down and make his return. He did notify him later, and very shortly thereafter this suit was commenced."

These facts do not show error on the part of the master in his finding of facts, that no suit was pending in the probate court.

Another reason why the exception cannot be sustained is, that the objection was not jurisdictional in its nature, but was merely dependent upon the well-settled principle, based upon comity, that the Court which first acquires jurisdiction of the cause shall be allowed to proceed to final judgment.

And there is even another reason why the objection was properly overruled.

Section 15, Article V of the Constitution, provides that the Courts of Common Pleas shall have jurisdiction in all civil cases, thus showing that its jurisdiction with that of the probate court in matters such as are now under consideration is concurrent.

The words, "They shall have jurisdiction in all civil cases," in Section 15, Article V, Constitution of 1895, are not to be found in Section 15, Article IV of the Constitution of 1868, which was construed in *Ex parte White,* 33 S. C., 442, 12 S. E., 5, and upon which the defendants rely.

The second exception is as follows: "Because his Honor erred, it is respectfully submitted, in not holding that the probate judge, under the law, exceeded his authority, after having granted the order that the personal estate in the above-entitled cause, be sold at public auction, by adding in said order, 'that the same be not sold for less than its appraised value,' and should have held that said clause in said order was mere surplusage, and should have held that

when it appeared that the personal estate had been sold at public auction, in pursuance of said order, to the highest bidder, for cash, that the administrator was only accountable for the amount that the personal property brought at public sale."

This exception must be overruled, for the reason that there was no appeal from said order, nor can it be attacked in a collateral proceeding. Furthermore, it was a proper order under the circumstances.

The next question that will be considered is presented by the following exception: "It is respectfully submitted, that his Honor erred in charging the administrator with the appraised value of the growing crop of cotton in the field, instead of what it actually brought at public sale, whereas his Honor should have held that even if the probate court had the authority to fix an upset price in the order of sale, and even if such order having been violated and the property sold for less than the amount fixed in the order, to wit: the appraised value, still the administrator would not be liable for more than the actual value of the crop so sold at the time of sale, and should have held that the only evidence of the value of the growing crop at the time of the sale was what it brought at public auction, to wit: six hundred and six dollars, and his Honor should have held that the administrator was only liable to account for six hundred and six dollars."

Section 2523, of the Code of Laws, is as follows: "Every appraisement made as aforesaid may be given in evidence in any legal proceeding against such executors and administrators to prove the value of the estate, but shall not be conclusive if it shall appear upon a trial of the cause that the estate was really worth, or *bona fide* sold, for more or less than such appraisement." The appraisement was the only evidence of the value of the property which was introduced. This exception is, therefore, overruled.

These conclusions practically dispose of all questions raised by the defendant's exceptions.

We proceed to the consideration of the plaintiff's exceptions.

Their first assignment of error is, "that the administrator was not entitled to any commissions, he having forfeited the same, under the statute law of this State, for making no returns whatsoever as administrator, and thereby disobeyed the plain mandate of Section 2555, of the Code of Laws."

Section 2555 provides that "if any executor or administrator should neglect to render such annual accounts he shall not be entitled to any commissions for his trouble in the management of the said estate, and shall, moreover, be liable to be sued for damages by any person or persons interested in such estate."

The following cases show that this exception must be sustained: *Lay* v. *Lay*, 10 S. C., 208; *Koon* v. *Munro*, 11 S. C., 139; *Jones* v. *Swearingen*, 42 S. C., 58, 19 S. E., 947.

He is, however, entitled to commissions for paying over the balance found in his hands and decreed to be paid to the plaintiffs. *Gee* v. *Hicks*, Rich. Eq. Cases, 5.

Their second assignment of error is that interest should have been charged on the balance from January 1, 1906, instead of January 1, 1907.

The master in his report says: "I have found in my report that the administrator is liable for interest on the balance in his hands from the 1st day of January, 1907, the testimony showing that he made an effort to account before the judge of probate very soon after the expiration of the administrative year and published a notice in the Sumter Herald, that upon a day named in said notice he would apply to the judge of probate for final discharge as such administrator. No fault seemed to attach to the administrator for his failure to make such return and get such final discharge, as at the time of said notice the judge of probate

of Sumter county was sick and unable to attend to the duties of his office."

The Circuit Judge had the right to exercise his discretion, *Nicholson* v. *Whitlock*, 57 S. C., 36, 35 S. E., 412, and, in view of the facts found by the master it was properly exercised. The exception raising this question is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in the particulars herein mentioned, and that in all other respects it be affirmed.

MR. CHIEF JUSTICE JONES *and* MESSRS JUSTICES WOODS *and* HYDRICK *concur,* except in overruling plaintiff's second exception. The administrator should be charged with interest from January 1, 1906, as no special circumstances appear justifying departure from the general rule. *Anderson* v. *Silcox*, 82 S. C., 109.