## CANNON v. LOMAX.

An action for partition is premature while two of the tenants in common (defendants) hold an unexpired lease of the entire property, executed to them by a common ancestor.

Before NORTON, J., Abbeville, February, 1888.

The opinion fully states the case.

*Messrs. Eugene B. Gary* and *W. C. Benet,* for appellants.
The defendants not being strangers, but tenants in common with the other distributees, partition should be ordered. *Gen. Stat.,* § 1829; 2 *Strob. Eq.,* 147; 3 *Pom. Eq. Jur.,* § 1387; 17 *Ves.,* 533; 2 *Strob. Eq.,* 321; 20 *S. C.,* 424; 1 *Rich. Eq.,* 361; 4 *Kent,* 367–369.    The term was merged in the inheritance.    4 *Kent,* 99; 10 *Rich. Eq.,* 428; 4 *Kay & J.,* 595; *Smith Real Prop.,* 942.

24

*Messrs. Cason & Bonham*, contra.

October 11, 1888.   The opinion of the court was delivered by
Mr. Justice McGowan.   Samuel R. Lomax died intestate
in the year 1886 (the precise day is not stated), seized and pos-
sessed of a respectable estate, and among other things a planta-
tion containing 600 acres of land.   His heirs at law were five
children, viz., G. W. Lomax, J. J. Lomax, Augustus B. Lomax,
Julia E. Lomax, and Josephine E. Cannon.   Soon after the death
of the intestate, Josephine E. Cannon and the other distributees
commenced an action to partition the land against J. W. Lomax
and J. J. Lomax,[1] who answered, denying that the parties could
have partition, upon the ground that the intestate, before his
death, on December 23, 1885, entered into a written contract,
whereby he conveyed to them by way of lease, the aforesaid plan-
tation, at a specified rent therein mentioned, for ten years, the
term to commence on January 1, 1887, which was after the death
of the said intestate ; that they are now in possession of the land
and are ready to comply with their part of the contract by pay-
ment of rent, notwithstanding the death of the lessor.

The issues were referred to the master, J. C. Klugh, Esq.
The plaintiffs interposed a verbal demurrer, that the answer did
not state facts sufficient to constitute a defence, which was sus-
tained by the master, who ruled "that the court will not suffer
the lessees under a valid lease to be interfered with by the parti-
tion.   It may be right enough for the defendants to set up their
lease in this proceeding, in order that the courts may protect
their rights under it, but I do not think it can bar the partition.
I sustain the demurrer."   Both parties excepted, and the matter
being heard by the Circuit Judge, he held "that the defendants
have the right to hold the land for the term of ten years as set
forth in the lease, and no partition or sale shall affect such hold-
ing.   Further ordered, that the cause be referred to the master,

---

[1] In addition to the distributees named in the opinion J. W. Lomax was
a distributee, there being six children in all; and the action was by Joseph-
ine E. Cannon and G. W. Lomax against J. W. Lomax, J. J. Lomax, A.
B. Lomax, and Julia E. Lomax, of whom only J. J. Lomax and J. W.
Lomax answered.—Reporter.

under the original order of reference, with the right to plaintiffs to attack said lease if they desire to do so," &c.

From this decree the plaintiffs appeal to this court upon the grounds: "I. Because the presiding judge erred in sustaining defendants' exceptions, and in overruling the plaintiffs'. II. Because the judge erred in ordering that the defendants have the right to hold the land described for the term of ten years, as set forth in their lease; and no partition or sale shall affect such holding. III. Because the judge erred in ordering that the case be referred to the master under the original order of reference. IV. Because, as the plaintiffs and defendants were tenants in common, the lease held by the defendants could not have the effect of preventing partition, even though it might, under proper allegations, have given the defendants a greater interest in the land than the plaintiffs had. V. Because the judge erred in failing to order partition of the lands, when it appeared from the allegations, which were not denied, that the plaintiffs and defendants were tenants in common, and that each was the owner in fee of *one-sixth* part of the lands described."

It is true that partition is a right much favored, upon the ground that it not only secures peace, but promotes industry and enterprise, that each should have his own. The mere difficulty of effecting it is not regarded as a sufficient reason for refusing to grant it. *Steedman* v. *Weeks*, 2 Strob. Eq., 147; 49 A. D., 660. But as we understand it, partition is the right to a severance, when there is rightful unity not only of title, but of possession. Unless the title of both parties is clear, equity cannot decree a partition. *Wilkin* v. *Wilkin*, 1 Johns. Ch., 117; *Garrett* v. *White*, 3 Ired. Eq., 131; *Ramsay* v. *Bell*, *Ibid.*, 209; 42 A. D., 162; and authorities in note to section 650, 1 *Story Eq. Jur.*

Have the heirs at law of the intestate, who are seeking partition, such title now as to authorize them to demand instant partition? The effect of the demurrer, so far as concerns the present issue, was to admit the existence of the alleged "lease," which, as we suppose, gave possession and exclusive rights for ten years, necessarily inconsistent with present partition. "A lease is in effect a conveyance or grant of the property, to last during the life of a person or for a term of years, or other fixed period or at

will, and generally with the reservation of a rent. * * * If the intention of the parties is that the grantee is not to be entitled to exclusive possession of the property, the grant is a license and not a lease." 1 *R. & L. Law Dict.*, title "Lease." During the ten years the heirs other than the lessees cannot be said to have title, except subject to the lease. They are bound by the act of their ancestor. They are certainly, in a sense, "tenants in common," and will at the end of ten years be entitled to partition; while, however, the lease stands unexpired, it seems to us that the action is premature.

"But where the title is denied, the court will generally require it to be first established, and will retain the bill to await the decision. Application for partition being premature, it was refused. But the bill was retained, with leave to apply by petition when the parties respectively became entitled to their shares." *Cole v. Creyon*, 1 Hill Ch., 311; 26 A. D., 208. This is, of course, on the assumption that the alleged lease is a good and valid instrument or conveyance. There is no copy of the paper in the "Brief," and we really know nothing as to its form, consideration, or the amount of rent secured, in which all the children have an interest. We agree with the Circuit Judge that the plaintiffs may, if so advised, assail the alleged lease, and if it should turn out to be testamentary in character, and as such void for the want of necessary formalities, or for want of consideration or for undue influence or other cause, then, as a matter of course, the right of partition would immediately attach.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.