### WINDHAM v. HOWELL.

VERDICT—PARTITION—LIFE TENANTS.—In action for partition, complaint alleging ownership of land in plaintiffs in fee, one defendant claiming title, it is error to direct a verdict for the defendant, because proof does not sustain allegations as to estate in fee, proof being that there was three life tenants before the Court; but partition should have been adjudged as between the life tenants, notwithstanding there were before the Court other parties not necessary to partition between life tenants.

Before TOWNSEND, J., Darlington, April, 1903. Reversed.

Action by A. H. Windham *et al.* against George C. Howell *et al.* From judgment on verdict directed for defendants, plaintiffs appeal.

*Messrs. Geo. W. Brown* and *R. W. Shand,* for appellants. The latter cites: *As to right to life tenants in common to partition:* Code, 1902, 2436; 32 S. C., 77; 36 S. C., 295; 29 S. C., 369; 2 Strob. Eq., 145; 26 S. C., 244; 24 S. C., 594; Code Proc., 297; 20 S. C., 105; 3 Wait's Prac., 564, 607, 608; 3 Rich. Eq., 383. *No evidence to support verdict as directed:* 36 S. C., 569; 28 S. C., 530. *Executor could not sell:* 23 S. C., 382; 25 S. C., 149; 35 S. C., 535; 62 S. C., 482; 5 Rich. Eq., 202; 23 S. C., 511; 3 Rich. Eq., 418; 2 N. & McC., 588. *As to equitable conversion:* L. R., 3 Ch., 717, 672; 28 S. C., 321. *As to relief granted by court of equity:* 1 Pom. Eq. Jur., secs. 231, 237, 351, 180; 3 Id., sec. 1348; 28 Ency., 928; 18 Md., 193; 24 Cal., 467; 33 S.

C., 223; 10 Gray, 514; 6 Leigh., 461; 2 Sudg. on Pow., 158.
*When Court will make sale:* 35 S. C., 535; 62 S. C., 482.
*Parties may waive conversion:* 3 Pom. Eq., sec. 1177; 116·
N. Y., 246; 5 Am. St. R., 147.

*Messrs. Woods & Macfarlan, J. Monroe Spears* and *Stevenson & Matheson,* contra.    *Messrs. Woods & Macfarlan*
cite: *Plaintiffs are legatees and have no estate:* 1 DeS., 173;
8 Rich. Eq., 79, 291; 23 S. C., 382, 513; 35 S. C., 531; 62
S. C., 482; 17 S. C., 567; 3 DeS., 135; 9 Cyc., 835, 838; 5
Rich., 206; 23 S. C., 753.    *Has been no merger here:* 28
S. C., 486; 16 S. C., 316; 47 S. C., 305; 57 S. C., 182; Dud.
Eq., 212; 9 Cyc., 841, 853.    *Plaintiffs cannot recover because some are life tenants:* 7 Ency. P. & P., 333; 13 S. C.,
115, 376; 42 S. C., 428; 57 S. C., 289; 60 S. C., 392.

*Messrs. Stevenson & Matheson,* also contra, cite: *No
notice of motion to direct verdict necessary:* 60 S. C., 401;
13 S. C., 115, 376.    *The plaintiffs had no estate in the lands,
but executor should sell:* Code, 1902, 2600; Bail. Eq., 392;
23 S. C., 511, 387; 35 S. C., 534; 25 S. C., 153; 5 Rich. Eq.,
215; 28 S. C., 496; 16 S. C., 330; 29 S. C., 371.

April 19, 1904.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an appeal from a judgment
on verdict directed by the Court for the defendant on an
issue of title raised by the answer to plaintiff's complaint for
partition of real estate.   The verdict was directed and the
complaint dismissed on the ground that under the pleadings
and evidence the plaintiffs had failed to sustain the allegation of their complaint as to title in fee simple to the land in
dispute.

The complaint alleged a deed dated December 14, 1867,
from James Windham to Eliza J. Windham for life, and
at her death to the children of her husband, Eli W. Windham
(son of the grantor), for their lives, of a tract of land in

Darlington County. It is also alleged that James Windham subsequently died, leaving a will devising this same tract of land to Eli W. Windham for life, and directed that at the death of the said Eli, this land should be sold and the proceeds equally divided between the lawful heirs of his body which he may leave living at his death; that Eli W. afterwards died, leaving living children—Mary Woodford, whose share is now owned by defendant, George C. Howell; Eliza Troublefield, defendant, whose share is now owned by plaintiff, A. H. Windham; Garen Yarborough, who is now dead, leaving husband and children named in the complaint; Lulu Windham, a plaintiff, and Louisiana Howell, a defendant. The complaint further alleged that Eliza J. Windham died in 1900, leaving surviving her three of the remaindermen for life, provided for in said will, viz: Eliza Troublefield and two of the children of Eliza J. Windham, whose names are Louisiana Howell and Lulu Windham; and that said Eliza Troublefield has conveyed her interest and estate to A. H. Windham; that by reason of the matters above stated, the said A. H. Windham, Lula Windham, G. C. Howell, the heirs of Garen Yarborough and Louisiana Howell, are now owners in fee of the said tract of land, the life estate of A. H. Windham; one-seventh for the lifetime of Eliza Troublefield; of Lula Windham of one-seventh for her lifetime, and of Louisiana Howell of one-seventh for her lifetime—having all merged in their greater fee simple estates; that George C. Howell and his wife, Louisiana Howell, are in possession of the land, claiming under a deed from Eliza J. Windham, receiving rents and profits, and committing waste. The complaint demanded. injunction against waste, an accounting of rents and profits, for partition or sale.

The defendants, Howell and wife, denied the main allegations of the complaint, and claimed ownership in fee in Louisiana Howell, under the deed from James Windham to Eliza J. Windham, described in the complaint, and a deed

from Eliza J. Windham to Louisiana Howell, dated January 16, 1900.

The issue of title thus raised came on for trial before Judge Townsend and a jury. The plaintiffs offered evidence tending to establish all the allegations of fact in the complaint, relevant to the issue of title. One of plaintiffs' witnesses did say that the tract described in the deed is larger than the tract described in the will, but this was inconsistent with the allegations in the complaint of the identity of the tracts described in the deed and will; and there being no testimony whatever to indicate to the Court and jury the difference between the tracts, or means by which one could be distinguished from the other by the jury, and the matter not having been called to his attention, or pleadings amended, the Court was warranted in assuming the identity of the tracts as alleged in the complaint. The deed conveyed the land "unto the said Eliza J. Windham forever, and at her death to her children, and also to John W. Windham, C. M. Windham, Mary E. Wadford, Eliza Troublefield, wife of Thomas Troublefield, &c."

The will devised the land as follows: "Item 1. I leave unto my son, Eli W. Windham, for his use and benefit during his life, a tract of land, more or less, embracing all the lower end of my home plantation to a cross fence near the big ditch, then in a direct line with said fence across the road down to the run of Sparrow Swamp. After his death said land shall be sold and the money equally divided between the lawful issue of his body which he may leave living at his death." The deed was executed about eight days before the will took effect, so that the will can only dispose of such estate of the testator as was not conveyed in the deed. Eliza J. Windham, life tenant under the deed, having died in 1900, plaintiff, Lula Windham, and defendants, Louisiana Howell and Eliza Troublefield, became tenants for life under the deed. There was evidence of a deed by Eliza Troublefield conveying her interest to the plaintiff, A. H. Windham. Here, then, we have before the Court three tenants in

31—68

common for life. That there may have been other parties before the Court, not necessary to a partition between tenants in common for life, is of no consequence, as no objection has been made for defect of parties. Tenants in common for life may have partition—Civil Code, 1902, sec. 2436; *Varn* v. *Varn*, 32 S. C., 77, 10 S. E., 829 ; *Jordan* v. *Neece*, 36 S. C., 295, 15 S. E., 202—unless some prior incumbrance by the grantor should prevent, as in *Cannon* v. *Lomax*, 29 S. C., 369, 7 S. E., 529.

The verdict of the jury, under the direction of the Court, if permitted to stand, would operate to deprive plaintiffs, A. H. Windham and Lula Windham, of all interests in the land; whereas, there was uncontradicted evidence that they were tenants in common for life with the defendant, Louisiana Howell, all parties claiming under the same deed.

It is true, that the complaint alleged as a conclusion of law upon the facts stated, that plaintiffs had a fee simple title to the land, but that could not operate to prevent a recovery of such possession as the facts alleged and proven warranted. Litigants may not get all they ask for, but may reasonably expect to receive what rightfully belongs to them, under the case made. As the foregoing conclusion will require a reversal of the decree of the Circuit Court, based upon an erroneous direction of verdict, we do not deem it important to discuss the other matters presented in argument.

The judgment of the Circuit Court is reversed, and the cause remanded for trial of the issue of title as made by the pleadings.